EVANS *VS.* ST. JOHN.

1. Questions cannot, under any circumstances, be reviewed in the Supreme court, which were omitted to be presented before the Circuit court, when sitting as a court of errors, on judgments rendered by the County court.

2. Parties are presumed, by the rules ef practice, to waive all errors not specially mentioned in their assignments.

3. But where there is no joinder in error, and in cases where parties are permitted to re-assign, the court will look into matters not covered by the errors assigned.

4. A plaintiff in an action need not reply specially to pleas concluding to the country, and the omission of a similiter is not an error for which judgment will be reversed.

5. The admission or rejection of additional pleas, is a matter wholly within the discretion of the court, and cannot be examined in a court of errors.

6. The holder of a bill of exchange, is only bound to present the bill at the place designated for payment, and if refused, his right of action against the drawer is complete, when the bill is protested and notice duly given.

7. It is immaterial to the defence, whether a bill is made for the benefit of the acceptor or maker, or by which of them the funds are used :—So, also, the omission of a *personal* demand of the acceptor.

8. A plaintiff in error can have no legal advantage from a mere clerical error, and its correction, impairs no right which he can assert.

Evans *vs.* St. John.

9. If a judgment be entered for too much, in consequence of a clerical error, it may, notwithstanding error brought, be amended in the court below, and the amended judgment will be affirmed without damages, and at the costs of the defendant in error.

10. Whether a defendant in error, by obtaining the amendment of a judgment pending the writ of error, has discharged the sureties in the writ of error bond,— *Quere.*

Error to the Circuit court of Wilcox.

Assumpsit on a bill of exchange.

In this case, St. John, as the surviving partner of St. John & Leavens, instituted an action of assumpsit in the County court of Wilcox county, against Evans. The declaration, besides the usual money counts, discloses the cause of action to be an inland bill of exchange, drawn by H. S. Evans, the plaintiff in error, on, and accepted by, Thomas Evans, payable to the order of, and endorsed by Charles Irby & Co., negotiable and payable at the office of discount and deposit at the Bank of the United States, at Mobile.

A presentment for payment at the bank, protest for non-payment, and notice to the endorser, is alleged in the special count on the bill.

The defendant, at July term, eighteen hundred and thirty-six, pleaded—

1. The general issue ;

2. Payment and set-off ;

3. That payment was never demanded of the acceptor, in whose hands funds were placed to pay the bill.

Issue was joined on the second plea, and to the third, a replication was filed, alleging that the bill in question was duly presented to the bank where made payable, and payment thereof duly demanded.

Evans *vs.* St. John.

It is stated in the minutes of the court, for January term, eighteen hundred and thirty-seven, that the parties then came, by their attorneys, and the defendant pleaded the following pleas, in short, by consent:

1. Payment, accord, and satisfaction and set-off;

2. General issue;

3. Pending of a former suit, for the same cause of action;

4. That the court had no jurisdiction, the sum involved being more than six thousand dollars;

5. That the plaintiff had never claimed payment of the acceptor, in whose hands funds were placed to pay the bill.

It is also stated, that the defendant's demurrer to the plaintiff's replication to the fifth plea having been argued, was overruled by the court, as was also his motion to strike out the rejoinder. A jury was then sworn, to try the issue joined, who returned a verdict for the plaintiff. This verdict was set aside, and a new trial granted. At the ensuing term, it was agreed between the parties, that the two pleas to the jurisdiction pleaded at the previous term should be stricken out, and the cause was again submitted to a jury, which returned a verdict for the plaintiff, on which judgment was rendered.

In the progress of the trial, several exceptions were taken by the defendant, to the action of the court in overruling motions to allow him to plead other pleas, the admission of evidence, &c. These exceptions, as shewn on the record, are as follows:

1. The court overruled the defendant's motion to be permitted to plead additional pleas to the merits of the

cause, of matter of defence, which existed at the time
when the pleadings were made up, but not then, within
his knowledge.

2. The court excluded evidence of the account due to
Charles Irby & Co., which was liquidated by the pro-
ceeds of the bill of exchange sued on, and two others,
made by the same parties, which was offered to reduce
the amount of the bill.

3. The defendant offered to introduce Thomas Evans,
the acceptor of the bill, to prove the entire contract be-
tween the parties, who stated the bill in question was
made for his benefit, and that he received the proceeds:
and also to prove that the bill was given to raise money
on—all which was overruled by the court.

4. The defendant further offered to prove by said ac-
ceptor, that he had funds in his hands, more than enough
to cover the bill at its maturity—which evidence the
court ruled to be irregular.

5. The defendant further offered to prove by the same
witness, that no demand was ever made of him to pay
the bill. The court ruled that such a demand was un-
necessary, inasmuch as the bill was payable at a bank.

The defendant prosecuted his writ of error to the Cir-
cuit court, to reverse the judgment rendered against him,
and assigned as error:

1. (To) the first pleas, general issue and non-assumpsit
—issue was never taken by plaintiff, and was not dis-
posed of by the court.

2. The court refused to let defendant put in a plea of
*puis darrien continuance* at the trial term, the matter of
which plea came to the knowledge of the defendant, af-

ter the pleadings were made up, which motion to put in said plea, was made on the first day of the trial term, and was not acted on until the cause came on for trial, which was two days after the motion was made, which plea extended to the merits of the case.

3. The defendant offered on the trial, the account of Charles Irby & Co., which was liquidated by the proceeds of the bill of exchange sued on as evidence, to show the bill was drawn and discounted by the plaintiffs for a larger amount than it should have been—which evidence the court refused to allow.

4. The defendant offered Thomas Evans, acceptor of the bill, as a witness to prove the contract between the parties, and to prove he had sufficient funds in his hands at the maturity of the bill, of the makers', to discharge it, and that the same was never presented to him for payment; which the court refused to permit to go to the jury as evidence. The judgment was affirmed at the May term, eighteen hundred and thirty-eight, of the Circuit court, and judgment rendered for the debt and damages consequent on affirmance against the defendant and Abel E. Evans, his security on the writ of error bond. A writ of error was sued out to the Supreme court, on the twenty-ninth June, eighteen hundred and thirty-eight, to reverse the judgment of the Circuit court, and at the subsequent Fall term of the Circuit court, the judgment of affirmance, rendered at the previous term, was corrected, it having been entered for a smaller sum than it should have been. This amendment of the judgment was made against the consent of the defendant, who appeared, and contested the authority of the court to make the amendment.

Evans *vs*. St. John.

Errors were assigned in this court, without noticing the action of the Circuit court on the errors there assigned, but covering the alleged errors of the County court ; and also alleging error in the action of the Circuit court, in amending the judgment after writ of error sued out.

*Proctor*, for plaintiff in error.

GOLDTHWAITE, J.—The errors assigned, in this court, call its attention to matters of exception, which arose in the County court, but which are unnoticed in the assignment of errors in the Circuit court. Our rules of practice do not permit this course to be pursued, and the party is presumed to waive all errors which are not specifically mentioned—(Ripley vs. Coolidge et al. Minor, 11; Brahan vs. Collins, Minor, 169.)

Under no circumstances can questions be reviewed in this court, which were omitted to be presented before the Circuit court, when sitting as a court of errors, on judgments rendered by the County court.

We presume it was the intention of counsel, to present for revision the action of the Circuit court on the errors there assigned, and as there is no joinder in error, and as the party might be permitted to re-assign, we have thought it best to look into the judgment actually rendered by the Circuit court, although the errors assigned do not cover that judgment.

It was unnecessary for the plaintiff in the action to have specially replied to the pleas concluding to country, and the omission of a similiter is not an error for which the judgment will be reversed—(Ripley vs. Coolidge et

al. Minor, 11.)    There is, therefore, nothing in this as-
signment.

The second is not supported by the facts of the case.
No plea *puis darrien continuance* was offered, but as we
understand from the bill of exceptions, pleas to the merits
were offered, shewing matter of defence, which existed
when the pleadings were made up, but were not then
within the knowledge of the defendant to the action.
What these matters of defence were, is not shewn, but
the answer to this, if properly assigned, would be, that
the admission or rejection of additional pleas, is a matter
wholly within the discretion of the court, and cannot
be examined in a court of errors.

The third assignment is also unsupported by the ex-
ception taken, or at least the nature and object of the ev-
idence offered and excluded, is more fully stated in the
assignment, than the bill of exceptions warrants.    As
therein stated, the defendant " offered as evidence, the
account due to Charles Irby & Co., which was liquidated
by the proceeds of the bill of exchange sued on, and two
others made by the same parties, to reduce the amount of
the bill." Now, argument is useless, to shew that no-
thing is presented by this exception, on which the court
can act.    The account is not exhibited, nor does it appear
how it could affect the rights of the plaintiff, who is an
endorsee of the bill.

The fourth assignment relates to the exclusion of the
testimony of the acceptor of the bill, showing the con-
tract between the parties, and to prove that he had suf-
ficient funds in his hands, belonging to the maker, at the
maturity of the bill, to discharge it, and that the same

Evans vs. St. John.

was never presented to him for payment. It does not appear that the witness was prevented from giving evidence, as what he said is stated in the bill of exceptions, but we infer that the evidence was overruled, as shewing nothing which, by possibility, could affect the right of the plaintiff to a recovery. It was wholly immaterial to the defence, whether the bill was made for the benefit of the acceptor or maker, or by which of them the funds were used. So, likewise, as to the omission of a personal demand of the acceptor. The holder was only bound to present the bill at the place designated for payment, and if refused, his right of action against the drawer was complete, when the bill was protested, and notice duly given. In none of the matters assigned for error in the Circuit court, was there any thing for which the judg-. ment of the County court should have been reversed.

The only remaining point to be noticed, is the amendment made in the Circuit court of its judgment, after the suing out of the writ of error. The judgment was entered for a lesser sum than by law it should have been, and was a mere clerical error. The plaintiff in error could have no legal advantage from this error, and its correction impaired no right which he could assert. If the judgment had been entered for too much, in consequence of a clerical error, it might, notwithstanding error brought, be amended in the court below, and the amended judgment would be affirmed without damages, and at the costs of the defendant in error—(Brown & Parsons vs. Tarver, Minor, 370.) But, in the present case, the condition of the parties is not affected by the amendment. If it had not been made, an affirmance would

*Evans vs. St. John.*

have been the result of the writ of error, and it cannot be changed by the correction of the judgment, by entering it for the proper sum.

If the court was asked to affirm the judgment, with damages against the sureties in the writ of error bond; the aspect of the case might be varied, in some degree, as by a judgment against them for the amount of the amended judgment, a liability would be imposed beyond that which was known to them when the bond was given, and it would seem, on principle, that the defendant in error, by asking the amendment of the judgment pending the writ of error, had, by his own act, discharged the sureties. This point, in relation to the sureties, is not to be considered as decided, as the defendant in error has intimated his assent, that no judgment shall go against them.

Let the judgment of the Circuit court be affirmed.