## SCOGGIN vs. BLACKWELL.

[ACTION ON OPEN ACCOUNT FOR WORK AND LABOR DONE.]

1. *Statute of frauds as to contract not to be performed within one year*
   A verbal contract for the performance of services as an overseer

for the term of twelve months, to commence at a future day, is void under the statute of frauds, (Code, § 1551, subd. 1;) and a partial performance of it, coupled with a discharge without cause, will not enable the party to recover the stipulated wages after the termination of the twelve months.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by Alexander Scoggin, against Francis M. Blackwell, to recover the sum of $850, alleged to be " due by account on the 1st January, 1859, for work and labor done by plaintiff for defendant, at his request, as an overseer, during the year 1858;" and was commenced on the 6th April, 1859. The defendant pleaded *non assumpsit*, the statute of frauds, former recovery, and payment. " On the trial," as the bill of exceptions states, " the plaintiff proved that in December, 1857, the defendant employed him as an overseer for the year 1858, at the sum of $800 for said year; that the contract was verbal, and not in writing; that he entered into the defendant's service, as such overseer, on the 1st January, 1858, and discharged his duty as such for twelve days, when the defendant discharged him without sufficient cause. Upon this evidence, the court charged the jury, that the contract for said services was void under the statute of frauds, and that the plaintiff could not recover on said contract, though he might recover for the twelve days' service. The plaintiff excepted to this charge, and requested the court to instruct the jury, ' that although said contract, when made, was void under the statute of frauds; yet, if such contract was made, and the plaintiff afterwards entered into the defendant's service at the time provided for therein, and the evidence satisfies them that he entered into such service under the same terms set forth in said contract, and that the defendant then so understood the matter, and accepted the service with such understanding, and turned the plaintiff off without good cause, then he is bound by the contract as much as if it were in writing.' The court refused to

give this charge, and the plaintiff excepted." In consequence of these rulings of the court, the plaintiff took a nonsuit, which he now moves to set aside; assigning as error the charge given, and the refusal of the charge requested.

GEO. W. GAYLE, for the appellant, contended, that partial performance by the plaintiff, until discharged without cause, entitled him to recover the entire wages stipulated after the termination of the year, although the contract was void under the statute of frauds; citing the following authorities: Rake's Adm'r v. Pope, 7 Ala. 161; Danforth v. Laney, 28 Ala. 275; 6 Vermont, 383; 2 Rawle, 53; 3 Watts & S. 56; 3 J. J. Mar. 489: 13 Pick. 1; 4 Bing. 309; 4 Conn. 568; 10 Wendell, 436; 7 Barn. & Cr. 73; 1 Fairf. 40.

PETTUS, PEGUES & DAWSON, *contra*, cited Crommelin v. Thiess, 31 Ala. 412; Drummond v. Burrell, 13 Wendell, 307; Boydell v. Drummond, 11 East, 155; Chitty on Contracts, 68; Browne on Statute of Frauds, 291–92.

STONE, J.—The contract in the present case was oral, entered into in the month of December, 1857, by which the plaintiff bound himself to serve the defendant in the capacity of overseer, for and during the year 1858. By the very terms of the contract, it was not to be completely performed within one year from the making thereof. So long as the contract remained executory, no action could be predicated upon it for its breach or nonperformance.—Code, § 1551, subd. 1; Browne on Stat. Frauds, 292; Chitty on Contr. 67–8; Crommelin v. Thiess, 31 Ala. 412; Boydell v Drummond, 11 East, 142, 155; Drummond v. Burrell, 13 Wendell, 307; Craig v. Vanpelt, 3 A. K. Mar. 489; Philbrook v. Belknap, 6 Vermont, 383.

The ruling of the circuit court is correct, and its judgment is affirmed.