# Parker'sA dministrator *v.* Hollis & Alexander.

*Action for Rent, and for Use and Occupation.*

1. *Contract not to be performed within one year.* — A verbal contract for the rent of a house for the term of one year, to commence at a future day, is void under the statute of frauds. Rev. Code, § 1862.

2. *Implied renewal of lease; when recovery may be had under common counts.* — When a tenant holds over after the expiration of his lease, a continuance of the tenancy on the same terms will be presumed against him ; and in such case, a recovery may be had against him on the common counts, although a new contract was made during the former term, which, being verbal, was void under the statute of frauds.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. L. R. SMITH.

This action was brought by Williamson H. Parker, and revived in favor of his personal representative, against Hollis & Alexander as partners ; and was commenced on the 10th day of March, 1869. In the original complaint, the plaintiff claimed " three hundred dollars, due by account on the 15th February, 1868, for the rent of a storehouse and office in the town of McKinley in said county rented to the defendants by one Jesse B. Edwards, to wit, from the 15th day of February, A. D. 1867, to the 15th day of February, 1868 ; " and the further sum of three hundred dollars, " on account stated between the defendants and one Jesse B. Edwards, to wit, on the 15th day of February, 1868." An amended complaint, filed by leave, claimed " the further sum of three hundred dollars, due by account, for rent of a storehouse, and lot of land on which said storehouse was located, in the town of McKinley in said county, rented by defendants from one Jesse B. Edwards, to wit, from the 15th day of February, 1867, to the 15th day of February, 1868." The record does not show what pleas were filed. On the trial, as appears from the bill of exceptions, it was proved that the defendants rented the said storehouse from said Edwards, some time during the year 1866, until the 15th day of February, 1867, and went into possession under said contract, and paid the stipulated rent before the expiration of the term ; that in December, 1866, they verbally agreed with said Edwards to pay him three hundred dollars (as stated by plaintiff's witness ; five hundred, as stated by defendants' witness), for the rent of the premises, for the year commencing on the 15th day of February, 1867 ; and that they remained in the possession of the premises until May, or June, 1867, when the house was destroyed by fire. This being all the evidence, the court charged the jury as follows : —

" 1. That if they believed, from the evidence, that Jesse B. Edwards, the assignor of the plaintiff, rented said premises

verbally to the defendants before the 15th day of February, 1867, and the time for which said renting was agreed on was to commence on the 15th day of February, 1867, and to terminate on the 15th day of February, 1868, that would be ' an agreement which, by its terms, is not to be performed within one year from the making thereof,' and the plaintiff cannot recover anything in this action.

" 2. That if they believed, from the evidence, that there was a specific contract in relation to the renting of said premises, between said Edwards and the defendants, the plaintiff must rely on said contract, and cannot recover anything on the common counts for the time the defendants used the premises after the 15th day of February, 1867."

These charges, to which the plaintiff excepted, are now assigned as error.

W. E. CLARKE, with MORGAN, BRAGG & THORINGTON, for the appellant. — 1. If the parol lease was void, the defendants were in the attitude of holding over after the expiration of a valid lease ; and the presumption then arises, that the holding was on the same terms as before. *Crommelin* v. *Thiess & Co.* 31 Ala. 412 ; *People* v. *Rickert*, 8 Cowen, 226 ; *Lockwood* v. *Lockwood*, 22 Conn. 425 ; *Bacon* v. *Brown*, 9 Conn. 334.

2. There is a distinction, where there is a holding over, between cases in which the tenancy was from year to year, and cases in which it was for a different period. In the former cases, the tenant holds from year to year ; in the latter, he is a mere tenant at will. 1 Washburn on Real Property, 531–32, §§ 34, 35 ; *Harkins* v. *Pope*, 10 Ala. 498 ; *Bacon* v. *Brown*, 9 Conn. 334 : *Lockwood* v. *Lockwood*, 22 Conn. 425 ; *Schuyler* v. *Leggett*, 2 Cowen, 660.

3. The defendants, being tenants from year to year, were liable for the rent for the entire term, unless the relation of landlord and tenant was dissolved before the expiration of the term. *Izon* v. *Gorton*, 35 E. C. L. Rep. 198 ; *Bacon* v. *Brown*, 9 Conn. 334 ; *Lockwood* v. *Lockwood*, 22 Conn. 425.

4. The relation of landlord and tenant was not destroyed between the parties. *McMillan* v. *Solomon*, 42 Ala. 356 ; *Harkins* v. *Pope*, 10 Ala. 493 ; *Izon* v. *Gorton*, 35 E. C. L. Rep. 198 ; *Lockwood* v. *Lockwood*, 22 Conn. 425.

5. There was such a performance of the contract as took the case out of the statute of frauds. 2 Stra. 783 ; 4 B. & Ad. 899 ; 4 Excheq. 631 ; *Downey* v. *Hotchkiss*, 2 Day, 225 ; *Rakes, Adm'r,* v. *Pope*, 7 Ala. 161 ; Browne on Statute of Frauds, §§ 116–18.

6. That the second charge was erroneous, see 1 Chitty's

[Parker's Administrator *v*. Hollis.]

Pleadings (14th Amer. ed.), 340–43; *Dicky* v. *L——*, 13 Ala. 45; *Hunter* v. *Waldron*, 7 Ala. 757; *Hayes* v. *Goree*, 2 Stew. & P. 170.

J. T. JONES, *contra.* — 1. The verbal lease was clearly void under the statute of frauds. Rev. Code, § 1862; *Crommelin* v. *Thiess & Co.* 31 Ala. 412.

2. The law implies or presumes a promise only where there is no special agreement between the parties. " If there is a special contract, embracing the same subject-matter with the common counts, the plaintiff, though he should fail to prove his case under the special count, will not be permitted to recover upon the common counts." 2 Greenl. Ev. § 103, and note 2.

3. The Code (p. 677) provides two forms of action for the recovery of rent: 1st, for rent on a demise; 2d, for use and occupation, where there is no demise. The complaint does not pursue either form.

PETERS, C. J. — The learned judge in the court below mistook the law in reference to this case, as laid down in his second charge to the jury. The plaintiff sued as the assignee of Edwards, who, as the proof showed, rented a storehouse and lot in the town of McKinley to the defendants, in December, 1866, by parol, without instrument in writing. The lease was for one year, from the 15th February, 1867, to the 15th February, 1868. The defendants were then in possession of the house and lot, under a former lease, which did not expire until the 15th February, 1867. They occupied the house and lot until the end of the first letting; and then, without anything more being said about the renting, continued to occupy the premises until some time in May or June, 1867, when the house was consumed by fire. There was no evidence introduced to show that the defendants took possession of the premises under the contract to rent for 1867–8, or that they gave the landlord notice that they would quit at the expiration of the term under which they held when the new contract was made; and there was no evidence of any notice to quit given by either party at any time. Under this proof, the learned judge very properly instructed the jury, that the agreement for the renting of the premises which, by its terms, was not to be performed within one year from the making thereof, was void. Rev. Code, § 1862; *Scoggins* v. *Blackwell*, 36 Ala. 351. This contract, being the only special contract shown by the evidence, was void. It was, therefore, a nullity, and had no force in law whatever. It was as if it had never been. It was nothing. 12 Wallace, 197, 200. This contract, then, could not cut off the plaintiff's right to recover on the common counts, if the

evidence was such as entitled him to recover on the common counts in the absence of any valid special contract whatever.

Where a promissory note, with an improper stamp, which rendered it void, has been taken in payment of a debt, the plaintiff will be permitted to resort to the common counts applicable to the debt. 1 Chitty's Pleadings, 340 ; 1 East, 58 ; *Wilkins* v. *Reed*, 6 Greenl. 220. It is only where there is a valid special contract, embracing the same subject-matter with the common counts, that the plaintiff is confined in his recovery to the special contract, or not allowed to resort to the common counts. 2 Greenl. Ev. § 103. If the defendants held over after the expiration of the first agreement for the occupation of the premises for a year, without any new agreement, a continuation of the former tenancy will be presumed, and the obligation to pay rent may be inferred by the jury, if there is no evidence to dispute such an inference. *Harkins* v. *Pope*, 10 Ala. 493 ; *Crommelin* v. *Thiess & Co.* 31 Ala. 412 ; Rev. Code, § 2607.

For the error above pointed out, the judgment of the court below is reversed, and the cause remanded.