# Glover *v*. Lyon.

*Proceedings in Probate Court to have Will admitted to Record..*

1. *Motion to dismiss appeal; when overruled.*—Where an heir at law appeared and resisted an application to admit his testator's will to record in the Probate Court, he becomes entitled to an appeal from the decree of such court, and a notice to dismiss such appeal will be overruled.

2. *Assignment of errors; what insufficient.*—In assigning errors, the appellant must state concisely in writing, in what the errors consist. (Rule 1, R. C., p. 816.) A mere allegation that there is error in certain pleadings, or writs constituting a part of the record, is indefinite and insufficient.

3. *Same; presumption of waiver.*—A party is presumed to waive all errors not specially mentioned.

4. *Predicate for reversal; what insufficient.*—Where the rulings of the court in "the granting of letters of administration," &c, is assigned as erroneous, but no exception is taken, nor reason assigned, nor fact shown why such letters should not have been granted, no predicate is laid for a reversal.

5. *Issuing letters; a ministerial act.*—The issuing of letters after appointing a person administrator, is a mere ministerial act, which may be performed by the probate judge or his clerk.

6. *Order to issue letters; when unnecessary or irregular.*—An order of the court that "the proper letters of administration do issue to him forthwith," is unnecessary, as the letters would issue in due course of law without such order, and if the addition of the word "*forthwith*" can give importance to such order, it is a mere irregularity, and not an error affecting the body of the decree.

APPEAL from the Probate Court of Marengo.

The facts are sufficiently stated in the opinion.

EUGENE McCAA, for appellant.

WATTS & SONS, for appellee.

No briefs came to Reporter.

MANNING, J.—This was a proceeding to have admitted to the record, in the Probate Court of Marengo county, the will of Edwin A. Glover, deceased, upon an exemplification of it and of the probate, and establishment thereof, in the proper court of Texas, of which State testator was a resident at the time of his death, and for the appointment of an administrator, with the will annexed, of the estate of deceased in Alabama.

1. Appellant, an heir at law of testator, appeared and resisted the application. This entitled him to an appeal from the decree and order thereupon of the Probate Court.—See

[Glover v. Lyon.]

*Clemens v. Patterson*, 38 Ala. 721, and cases there referred to. The motion to dismiss the appeal is overruled.

2. In assigning errors, the appellant must state concisely, in writing, "in what the error consists."—Rule 1, Revised Code, p. 816. A mere allegation that there is error in certain pleadings, or writs constituting a part of the record, as in the "petition and summons" of former times, or complaint and summons now, is indefinite and insufficient.—*Brahan v. Collins*, Minor, 169.

3. A party is presumed to waive all errors not specially mentioned.—*Evans v. St. John*, 9 Porter, 186; *Ripley v. Coolidge*, Minor, 11.

4. Two rulings of the Probate Court are indicated as erroneous in this cause: *first*, the "granting of letters of administration, with the will annexed, on the estate of Edwin A. Glover, deceased, to Francis S. Lyon;" (we understand this to be an objection to the granting of the letters to the individual designated, inasmuch as opposition to his appointment was made by appellant at the hearing in the Probate Court;) and, *second*, the causing of such letters "to issue to Francis S. Lyon before the time for taking an appeal had passed." In reference to the first assignment, it is not founded on any exception taken by appellant to the action or decision of the court. Mr. Lyon applied to be appointed administrator, with the will annexed, in November, 1875, of the estate of Edwin A. Glover, deceased, who died in Texas, and whose will had been admitted to probate there in July, 1874, a year and four months before—the applicant claiming to be a creditor of said Glover, and the attorney in Alabama of the executrix of said will, who was also the residuary and chief legatee, and resided in the State of Texas. Although, as the record shows, appellant appeared and objected to the granting of such letters to the said Lyon, and moved the court to dismiss his said application. When the objections and motion were overruled and the appointment was made, appellant took no exception to the action of the court in these particulars; nor is any reason whatever assigned, or any fact shown by evidence, why such appointment should not have been made. No predicate, therefore, is laid for a judgment of reversal by this court.—*Gordon v. McLeod*, 20 Ala. 242; *Jones' Heirs v. Jones' Administrator*, 42 Ala. 218.

5. The decree of the Probate Court, after expressing approval of the bond, with sureties offered by Lyon, adjudges and orders that he be appointed administrator, with the will annexed, of the estate of Edwin A. Glover, deceased, and

[Glover v. Lyon.]

then directs "that the proper letters of administration do issue to him forthwith." By section 2015 of the Revised Code, it is enacted—"on application to execute a will or administer on an estate, no letters testamentary, or of administration, must issue until the time for taking an appeal thereof has passed; and if such appeal is taken, no letters in chief must be granted until the appeal is finally disposed of." The issuing of such letters after the order appointing a person administrator, is a mere ministerial act. When the probate judge has a clerk, instead of acting (as in most counties he does) as his own clerk, it is the duty of this ministerial officer to issue the letters.—Revised Code, § 796, cl. 5. As such clerk, he is expressly authorized, "*first*, to do all acts not judicial in their character; *second*, to issue letters testamentary of administration and of guardianship, where there is no contest." The ministerial act of issuing these letters, or causing them to be issued, is not that from which the appeal should have been taken. The object of an appeal is, in such a case, to reverse the judicial order or decree which determined that an appointment be made of an executor or administrator, and designated the appointee. Section 2015 speaks of an appeal taken when the letters are not issued at all.

6. The latter part of the decree in the cause before us, viz: "that the proper letters of administration do issue to him forthwith," was not at all necessary. The letters would have been issued in due course of law without this direction; just as a writ of execution would be issued upon a judgment of the Circuit Court, for the recovery of money, without any command or direction that it be issued, in the judgment entry; and if the word "forthwith" had not been added, the order of the Probate Court would not have contained anything subjecting it to just legal criticism. The order, that letters of administration be issued *forthwith*, was an irregularity; it is not an error affecting the validity of the body of the decree.

Let the decree of the Probate Court be corrected by striking out the word *forthwith*, in that part which directs "that the proper letters of administration do issue to him forthwith," and thus corrected, let the judgment of the Probate Court be affirmed, at the costs of appellant.