# Horton *v.* Wollner, Hirshberg & Co.

### *Action on Contract by Employee against Employer.*

1. *Statute of frauds ; when contract within.*—A contract for labor or personal services for one year, to begin *in futuro*, is void under the statute of frauds, unless it, "or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing."

2. *Contract entered into by correspondence ; date of.*—When a contract is made by letters, offering and accepting a stated proposition, sent and received by mail, the date of the letter of acceptance is the date of the contract.

3. *Statute of frauds; contract not to be performed within one year.*—In order to take a contract for personal services for one year, to begin *in futuro*, without the statute of frauds, all its essential terms, including the amount of salary or compensation to be paid for such services, must be stated in the writing, with such degree of certainty as to render a resort to oral evidence unnecessary to an ascertainment of the intention of the parties.

4. *Same.*—It is not sufficient that such contract should state that the salary is to remain the same as that received for the previous year; as this renders a resort to verbal or extrinsic evidence necessary to ascertain the amount of the salary, thereby supplementing the contract in a way forbidden by the letter and spirit of the statute.

5. *Same; when void contract rebuts presumption of continuance of former contract.*—Where one, having been in the employment of another under a contract for one year, before the expiration of the term, makes a new contract for another year, which is void for want of conformity to the provisions of the statute of frauds, and in which the character of the services to be performed are changed, he can not recover upon an implied agreement that his employers would pay him the same salary which they had paid him for the previous year. In such case, the new contract, although void under the statute of frauds, destroys the implication of an intention to continue in force the old one.

APPEAL from the City Court of Mobile.

Tried before Hon. O. J. SEMMES.

This action was commenced on the 14th March, 1882, by E. F. Horton against Wollner, Hirshberg & Co., to recover damages for the breach of a contract made and entered into by them, whereby, as is averred, the defendants employed the plaintiff for the term of one year, to commence on the 22d August, 1881, at and for a stated salary; the alleged breach being that the defendants, in January, 1882, discharged plaintiff from their service without cause and without fault on his part. One of the defenses pleaded by the defendants was the statute of frauds. The cause was tried without a jury, and a statement of

[Horton v. Wollner, Hirshberg & Co.]

the evidence was signed by the presiding judge and made a part of the record.

The plaintiff was examined as a witness in his own behalf, and testified, in substance, that he had been in the employment of the defendants for about four years; that he was employed by them at a salary of $1500 for the year commencing August 22d, 1880, and ending August 22d, 1881; that prior to the last named date, at the suggestion of Hirshberg, one of the firm, he wrote to Wollner, the senior member, who was then in Boston, for the purpose of making an arrangement for the then coming year, and about the 15th July, 1881, received from him a letter, dated at Allegany Springs, July 4th, 1881, and addressed to plaintiff. This letter was read in evidence, and, omitting the caption, address, and signature, was as follows: "Your favor to Boston reached me just about as I was leaving there; therefore delayed answering till I got here. Your services last year have been quite satisfactory, and we should like to retain you for the coming season. Since Martin has left our employ, we can give you a better chance as a salesman, and will employ an assistant to you to help at the store—therefore make your situation an easier and more advantageous one for you. As to the salary, I can not promise you an advance this year. I think, and am satisfied from the profits we make, that we are paying you all we can afford at present. Our expenses last year were too high; therefore, we made efforts to reduce them this year, and are of necessity compelled to keep them down as low as possible. We will give you the privilege to discount any of your customers' bills, as you proposed, which will give you an additional income. Should you conclude, or find it to your advantage to change your position for the coming season, you will oblige me by notifying me as soon as possible, to enable us to make other arrangements." The plaintiff further testified that on the 20th August, 1881, "he wrote defendants accepting the proposition offered by said letter." This letter, dated at Bay St. Louis, 20th August, 1881, and addressed to Wollner, Hirshberg & Co., was read in evidence, and, omitting date, address, and signature, is as follows: "As my engagement with you for the past year ends on 22d inst., I wish to inform you that the proposition you made in writing from Allegany Springs by your Mr. Wollner, relieving me from the packing, by hiring a competent man to do it, and giving me the territory formerly canvassed by Mr. Martin, as well as the territory now canvassed by me, is hereby accepted for the ensuing year."

The plaintiff further testified that from 22d August, 1881, he worked for defendants until 22d January, 1882, when he was discharged by defendants without cause; that from 22d August, 1881, up to the time of his discharge, he was paid at

[Horton v. Wollner, Hirshberg & Co.]

the rate of $1500 a year, it being the same salary he received the year before; that he considered that he was working for a salary of $1500, and was employed for a year from 22d August, 1881; but that from that date to the time of his discharge, nothing was said between him and defendants about said contract; that when he was discharged, he objected, and insisted that he had been employed for a year, but that defendants insisted that he had not been so employed; that he had been paid for the time he actually served defendants, but that such payment was not received in full settlement of their liability to him.   Other testimony was introduced by the plaintiff, a statement of which is not necessary to an understanding of the opinion.   The defendants introduced no testimony.

On demurrer to the plaintiff's evidence, a judgment was entered for the defendants, which is here assigned as error.

D. H. LAY, for appellant, cited Code, §§ 2121, 3104; 39 Ala. 64; 30 Ala. 175; Browne on St. Frauds, § 344a; 35 Ala. 453; 1 Brick. Dig. p. 857, §§ 769, 772; *Ib.* p. 859, §§ 786, 860; *Thomas v. Barker*, 37 Ala. 392; *Atwood v. Cobb*, 26 Am. Dec. 657; *Cowan v. Cooper*, 41 Ala. 187; *Corbin v. Sistrunk*, 19 Ala. 203; *Houston v. Townsend*, 12 Am. Dec. 109; *Benziger v. Miller*, 50 Ala. 206; *Parker v. Hollis*, 50 Ala. 411; *Crommelin v. Thiess*, 31 Ala. 419; *Hughes v. Williamson*, 35 Ala. 462.

MACARTNEY & CLARKE, *contra*.—(1) A contract for labor, not to be performed within a year, is within the statute of frauds.—Browne on Stat. Frauds, § 372; Wood on Mas. & Ser. § 188; *Scoggin v. Blackwell*, 36 Ala. 351.   (2) There must be a memorandum of a completed contract, not simply a part of a pending treaty.—Browne on Stat. Frauds, § 371a; *Carter v. Shorter*, 57 Ala. 253.   (3) And the essential terms of the contract must be stated in it, or in some other writing so connected with it as to be admissible, with such certainty that the court may gather all of them therefrom, without having recourse to parol proof.—3 Pars. Con. 17; 2 Kent's Com. 511; 1 Greenl. Ev. 268; Browne on Stat. Frauds, §§ 371 *et seq.;* Roberts on Frauds, §§ 105–6; *Boydell v. Drummond*, 11 East, 156; *Wellford v. Beazely*, 3 Atk. 503; *Wain v. Warlters*, 5 East, 10; *Bailey v. Ogdens*, 3 John. 399; *Abeel v. Radcliff*, 13 John. 297; *Peltier v. Collins*, 3 Wend. 459; *Wright v. Weeks*, 25 N. Y. 153; *Ridgway v. Ingram*, 50 Ind. 145; *Adams v. McMillan*, 7 Port. 73; *Knox v. King*, 36 Ala. 367; *Carrol v. Powell*, 48 Ala. 298; *Carter v. Shorter*, 57 Ala. 258; *Jenkins v. Harrison*, 66 Ala. 345.   (4) Waiving the question whether the *character* of the service to be rendered by the appellant can be sufficiently gathered from the writing, read in the light of the circum-

[Horton v. Wollner, Hirshberg & Co.]

stances surrounding the parties at its date, it is clearly defective in not stating the *term*.—Wood on Mas. & Ser. § 195; *Palmer v. M. & P. R. M. Co*, 32 Mich. 274; *Tuttle v. Swett*, 31 Me. 555; Browne on Stat. Frauds, § 385. (5) The *price* is not sufficiently stated in the writing.—Wood on Mas. & Ser. § 195; *Palmer v. M. & P. R. M. Co., supra; Carter v. Shorter, supra; Adams v. McMillan, supra; Phillips v. Adams*, 70 Ala. 373. See, also, Browne on Stat. Frauds (4th Ed.), §§ 350, 375, 383; *Grafton v. Cummings*, 99 U. S. 100. This latter case explains *Beckwith v. Talbot*, 95 U. S. 289, and seems to favor the principle laid down in dissenting opinion in *Salmon Falls Manf. Co. v. Goddard*, 14 How. 446. (6) *Atwood v. Cobb*, 16 Pick. 227, relied on by appellant, criticised and discussed. (7) The burden was on plaintiff to show a sufficient written contract.—Browne on Stat. Frauds, §§ 511, 515; 1 Brick. Dig. 869, § 922. His own evidence showed the agreement to be void. *Flinn v. Barber*, 64 Ala. 193. And had the case been left to a jury, the court should have charged them directly on the evidence to find for the appellees.—*Rigby v. Norwood*, 34 Ala. 129. This being the case, it was bound to give defendants judgment on the demurrer to the evidence. (8) The part performance of the contract did not take the case out of the statute.—Wood on Mas. & Ser. § 192; Browne on Stat. Frauds, § 451; 2 Ch. on Con. (11th Amer. Ed.) § 842, note 5; *Hill v. Hooper*, 1 Gray (Mass.) 131; *Drummond v. Burrell*, 13 Wend. 307; *Scoggin v. Blackwell*, 36 Ala. 351. (9) That the continued services were to be rendered for the same period and upon the same terms as under the previous contract, would have been a legal presumption, had there been no new contract, and had the services remained of the same character.—*Crommelin v. Thiess*, 31 Ala. 412; Wood on Mas. & Ser. § 96; *Ranck v. Albright*, 36 Penn. St. 367–71; *Smith v. Velie*, 60 N. Y. 106. The continued services under the void agreement was one merely at will.—*Crommelin v. Thiess, supra; Parker's Adm'r v. Hollis*, 50 Ala. 411. (10) The English rule, that a general hiring is a yearly hiring, is not followed in this country; but here any hiring, indefinite as to time, is a mere hiring at will, and may be put an end to at any time by either party.—Wood's Mas. & Ser. §§ 131, 134; 106 Mass. 56; 113 Mass. 187; 3 Col. 142; 24 Mich. 115; 1 Cal. 450; 46 Penn. St. 426; 5 N. H. 294; 29 Penn. St. 184; 36 Penn. St. 367; 16 Conn. 246.

SOMERVILLE, J.—Under the provisions of the statute of frauds, as adopted in this State, "every agreement which, by its terms, is not to be performed *within one year* from the making thereof," is declared to be void, "unless such agreement, or some note or memorandum thereof, *expressing the considera-*

[Horton v. Wollner, Hirshberg & Co.]

*tion*, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully au thorized in writing."—Code, 1876, § 2121.

That a contract for labor, or personal services, if not to be performed within a year, falls within the influence of this statute, is well settled, and can admit of no question.—*Scoggin v. Blackwell*, 36 Ala. 351; 2 Parson on Cont. (6th Ed.) *45. Where, therefore, one is employed for a year's service, to begin *in futuro*, the agreement is void, if merely oral, and the employee- can not maintain an action on it against the employer, or master, for discharging him before the expiration of the year. 2 Whart. Ev. § 883; *Scoggin v. Blackwell, supra; Dickson v. Frisbee*, 52 Ala. 165; *Treadway v. Smith*, 56 Ala. 345.

The contract which is the basis of the present action, consists of a correspondence by letter. It must be regarded as having been entered into on the 20th of August, 1881, the date of the plaintiff's letter accepting the proposition which the defendants had made to him. Inasmuch as the time of service is claimed to be for the period of one year, and was not to begin until the 22d of August, 1881, it is manifest that no recovery can be had upon the contract, unless it conforms to the requirements of the statute of frauds.

It is no objection, of course, that the written evidence, adduced to establish the alleged contract, is a correspondence of the parties by letters, provided these documents are so connected together by mutual reference, or otherwise, as to leave no ambiguity or uncertainty touching their legal effect and meaning, when taken together and construed as a whole.—3 Parson on Cont. 17; Browne on Stat. Fr. § 346. But the contract, or intention of the parties, as said by Mr. Greenleaf, "must *all* be collected from the *writings;* verbal testimony not being admissible to supply any defects or omissions in the written evidence. For the policy of the law is to prevent fraud and perjury, by taking all the enumerated transactions entirely out of the reach of any verbal testimony whatever."—1 Greenl. Ev. § 268. This rule does not, however, exclude proof of surrounding circumstances in aid of construction, at least in a certain class of cases to which the present does not belong.—*Jenkins v. Harrison*, 66 Ala. 345; 1 Addison on Cont. § 213. Parol evidence is often admitted to aid the identification of the subject-matter.—Fry on Spec. Perf. *166; *Mead v. Parker*, 115 Mass. 413; S. C. 15 Amer. Rep. 110; *Ellis v. Burden*, 1 Ala. 458; *Chambers v. Ringstaff*, 69 Ala. 140.

The main point of objection here taken is, that it nowhere appears in the correspondence what was the *amount of salary or compensation* which the defendants are alleged to have prom-

[Horton v. Wollner, Hirshberg & Co.]

ised to pay the plaintiff for his services. The general rule certainly requires that all the essential terms of the contract shall be substantially stated in the writings of the parties, with such degree of certainty, as to render a resort to oral evidence unnecessary in order to ascertain the intention of the parties. A detail of particulars, however, is not required—only a *note* or *memorandum* of their agreement in general terms.—*Holmes v. Evans.* 12 Amer. Rep. 372; *Sears v. Brink,* 3 Amer. Dec. 475; 1 Addison on Cont. § 213. The consideration agreed to be paid by the party sought to be charged, is made by the statute one of the terms necessary to be stated in the writing which he subscribes. The agreement is not only required to be in writing, but it must express the consideration.—Code, § 2121; *Rigby v. Norwood,* 34 Ala. 129. It has been repeatedly held that, under this statute, a contract for the sale of lands, which fails to state the *price* agreed to be paid by the vendee, is void and can not be enforced against him, "unless," as the statute provides by way of exception, "the purchase-money, or a portion thereof, be paid, and the purchaser be put in possession of the land by the seller."—*Phillips v. Adams,* 70 Ala. 373; *Carter v. Shorter,* 57 Ala. 253; *Adams v. McMillan,* 7 Port. 80. The same rule must apply to all other agreements which come within the statute. It is not, in our opinion, sufficient for the agreement to state that the salary was to remain the same as that received the year previous. This is not expressing the consideration in the writing, which the statute requires. Such writing can not be made complete by resorting to verbal or extrinsic evidence, for th's would be to supplement the contract in a way forbidden by the very letter and spirit of the statute of frauds. If one term of the contract can be thus supplemented, why not another? and if another, where is to be the limitation of the rule? "The statute can not be complied with," says Mr. Waterman, "by a writing which *refers to a verbal agreement,* whether that agreement is subsisting, or to be made afterwards."—Waterman on Spec. Perf. § 233; *Hyde v. Cooper,* 13 Rich. Eq. (S. C.) 250. It has been accordingly adjudged, that a memorandum, defective under the statute of frauds, could derive no aid from printed handbills and newspaper notices exhibited by the defendant at the time of sale, and stating the terms of sale.—*O'Donnell v. Leeman,* 43 Me. 158.

The tendency has been too great, perhaps, on the part of the courts to construe away the wise provisions of this salutary statute, by creating exceptions, designed to mitigate the rigor of its application to supposed hard cases. All admit it to be impossible to harmonize these numberless conflicting decisions. This court has announced its indisposition to further relax the operation of the statute to meet the necessities and equity of particu-

lar cases.—*Jenkins v. Harrison, supra*, p.360. The strict enforcement of its requirements would seem to be a matter of imperious and increasing necessity, in view of the growing tendency of recent legislation to enlarge the competency of witnesses. The danger of frauds and perjuries, for the prevention of which the statute was enacted, has been greatly aggravated by this removal of important barriers to the qualification and competency of witnesses. The caution of the courts should be commensurate with the necessity of correcting, as far as possible, the admitted evils of the existing system.

It is insisted that, even if the contract under consideration is void for want of conformity to the statute of frauds, a recovery can still be had upon an *implied agreement*, that the defendants would continue to pay plaintiff the same salary which they had paid him for the year previous. Such might be the case, perhaps, in view of plaintiff's remaining in the service of the defendants, had there been no new contract, and had the character of the services to be performed remained unchanged.—*Parker v. Hollis*, 50 Ala. 411. But this presumption is destroyed by the fact, that another contract is put in evidence, essentially different from the original one in many of its terms and conditions. And this new contract, although void under the statute of frauds, has been held by this court to be competent to destroy the implication of any intention to continue in force the old one.—*Crommelin v. Thiess & Co.*, 31 Ala. 412.

We discover no error in the ruling of the court below, sustaining the defendants' demurrer to the evidence introduced by the plaintiff, and the judgment is affirmed.