# Richard, *et al. v.* Steiner Bros.

## *Bill to Quiet Title.*

(Decided July 2, 1907. 44 South. 562.)

1. *Appeal; Review; Demurrer to Bill.*—Where the decree sustaining the demurrer is not rested on any particular ground, and the assignment of error presents for review the ruling as to specific grounds of demurrer, and there are other grounds of demurrer, if the grounds of demurrer not assigned as error are good, the decree will be referred to those grounds of demurrer which will support it and not to those grounds which would render it erroneous.

2. *Same; Presumption.*—On appeal this court will indulge all presumption favorable to the correctness of the decree appealed from, and where one of several grounds of demurrer is not presented for review by assignment of errors, it will be presumed that the grounds

of demurrer not assigned was good, and the decree will be referred to that ground and sustained.

3. *Same; Waiver. of Error.*—Where a decree is rendered sustaining the demurrers generally, and one of the grounds of demurrer is not assigned or insisted upon as error, the failure to do so in respect to that ground is a waiver of error in the decree in that respect and will be referred to and sustained on that ground.

4. *Same; Statement of Grounds; Effect.*—Where the decree generally sustained demurrers to the bill, without stating upon what particular grounds the decree was based, a statement of the chancellor preceded the decree, but forming no part thereof, that the demurrers were sustained on certain grounds thereof, such statement cannot be considered for any purpose.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Rudolph Richards and others against Steiner Bros., to quiet title to certain lots in the city of Birmingham. From a decree sustaining demurrers to the bill this appeal is prosecuted. Affirmed.

HENRY F. REESE, and IVY F. LEWIS, for appellant.—Counsel discuss the 1st, 3rd and 4th grounds of demurrer to the bill and cite authorities in support thereof, and also discuss the merits of the case, but as these matters are not touched on in the opinion it is deemed unnecessary to set them out.

A. LATADY, for appellee.—Counsel discusses the assignments of error and cites authority to sustain the decree of the lower court.

DENSON, J.—This appeal is based on a decree of the chancery court sustaining a demurrer to the bill. The demurrer contains four distinct grounds, but the decree is not rested upon any particular ground. It is in general terms, adjudging and decreeing that "said demurrer be, and it is, sustained." The rule of practice as declared by our decisions is that, on an appeal from a decree sustaining or overruling a demurrer to a bill in

[Richard, et al. v. Steiner Bros.]

equity, the decree will be referred to the causes of demurrer which will support it, and not to those which would render it erroneous, working a reversal.—*McDonald v. Pearson*, 114 Ala. 630, 641, 21 South. 534. The assignment of errors presents for review the decree of the court only in respect to the first, third, and fourth grounds of the demurrer, leaving out of consideration the second ground entirely. If the second ground of demurrer is a good one, notwithstanding error is not predicated upon it, following the rule of practice above stated, the decree should be affirmed.

It is the rule of this court to indulge all presumptions favorable to the correctness of the decree; and, as the second ground of the demurrer is not presented for review by the assignment of errors, we will presume (following this rule, and without considering the first, third, and fourth grounds of the demurrer, upon which the assignment of errors is based) that the second ground of demurrer is good, and refer the decree to that ground. Furthermore, if the second ground of the demurrer should be conceded to be bad, yet, by failure to assign error in the decree in respect to this ground, the appellants have not only waived their right to insist on error in the decree in that respect (*Evans v. St. John*, 9 Port. 186), but in fact do not so insist; and, as the decree may be placed on that ground of the demurrer, as well as on any other, the result should be an affirmance.

It is true there is a statement, signed by the chancellor, immediately following, but not forming a part of, the decree, to the effect that the demurrer is sustained upon the first, third, and fourth grounds assigned. This cannot be considered for any purpose.

The decree of the chancellor is affirmed.

Affirmed.

Tyson, C. J., and Haralson and Anderson, JJ., concur.