182 So. 22

## RUDDER v. TRICE.

### 2 Div. 116.

Supreme Court of Alabama.

June 7, 1938.

Roy W. Kimbrough, of Thomasville, and Adams & Gillmore, of Grove Hill, for appellee.

W. J. Dansby, of Butler, for appellant.

FOSTER, Justice.

In this case, plaintiff caused a nonsuit to be entered on account of the adverse ruling of the court in sustaining demurrer to counts 12, 13 and 16, as amended. The motion for a nonsuit recites that the ruling sought to be reviewed was because of grounds 1201, 1202 and 1203 of the demurrer. The judgment of the court sustained the demurrer generally, and the nonsuit as ordered by the court is not confined to those grounds of demurrer.

■ If any ground of demurrer to those counts, or either of them, was good, that was justification for the ruling as to such count. Plaintiff could not in that event cause the judgment to be reversed by directing attention to certain specified grounds which may not be justification for the ruling. Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

But the question is whether there was reversible error in sustaining demurrer on any ground assigned to counts 12, 13 or 16 as amended.

Count 12 complains of the breach of a covenant in a lease of which plaintiff was the assignee of the lessee (the lease running by its terms to such an assignee). The particular covenant said to be breached is copied in that count, and in substance it is that after the expiration of the term specified, the lessee is granted an option to continue it in force from year to year for not exceeding five years upon the payment of an annual rental of one hundred and fifty dollars. The count alleges that plaintiff has complied with all the terms and conditions of said contract and has renewed it from year to year for three years succeeding the end of the definite term, but that defendant has breached the covenant by retaking possession of a mill site on said premises, resulting in specified damages claimed in that count. The manner in which the annual renewals were effected is set out in detail. They show that for the first two years the $150 each was by their mutual verbal agreement to be partially paid in a manner other than in money: that for the third year it alleges that plaintiff tendered the full amount of $150; and that as to it all there was either a compliance with the said verbal agreement or an offer to do so.

Count 13 recites the same facts, but it claims for a false and malicious slander of plaintiff's leasehold interest, without probable cause, and claims general and special damages.

Count 16 also recites those facts in substance, and declares on the wrongful conduct of defendant in depriving plaintiff of possession and of assuming the actual possession of said property.

Ground 1201 and 1202 of the demurrer are based upon the fact that such attempted renewal agreement as alleged, was void under the statute of frauds, since it was alleged to be by verbal agreement.

Ground 1203 relates to the indefiniteness in one respect of the contract of renewal.

The argument of counsel for appellant is solely predicated upon an application of the statute of frauds to such renewal agreements made annually, as alleged. They cannot thus limit our inquiry into the sufficiency of those counts in the light of the 1602 grounds assigned. In the absence of argument of them by appellant, we would not be willing to say that none of them justify the ruling. We could very well rest an affirmance on the assumption that some of them were good. Richard v. Steiner Bros., 152 Ala. 303, 44 So. 562. But since we think the demurrer is well taken on the grounds which appellant's counsel argue, we will give our views on them.

■ Certainly the statute of frauds would have no application to an exercise of the option to extend the terms of the lease for more than one year after the time when such right is exercised, provided it is done in the manner, within the time, and by the party to whom the right is granted by the terms of the written lease. 27 Corpus Juris 214, section 190, notes 69, 70, 71, 72 and 73; 25 R.C.L. 564 section 159; Compare Tennessee C., I. & R. R. Co. v. Pratt Coal Co., 156 Ala. 446, 47 So. 337; 35 Corpus Juris 1026, section 160.

■■ But in this connection, it is very well settled that if the arrangement by which the term of a lease is extended for more than one year is a contract within itself, it must be in writing. But if such arrangement is not an independent agreement, but is in the nature of a modified manner of performing a valid contract which itself complies with the statute, it need not be in writing, though the statute would otherwise require a writing. Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237; Messer v. Dupuy-Burke Realty Co., 226 Ala. 438, 147 So. 193; 27 Corpus Juris 329, note 60; 25 R.C.L. 564, section 160; 16 R.C.L. 924, section 431; Albert Mackie & Co. v. Dale & Sons, 122 Miss.

430, 84 So. 453; compare, McKenzie v. Stewart, 196 Ala. 241, 72 So. 109.

Count 12 of the complaint as amended alleges that when the first extension was agreed upon, it was before the expiration of the term of six years which ended March 6, 1934, and subsequent to the transfer to him by the Gilbertown Veneer Company of its leasehold interest herein referred to; and that he acquired the lease by mesne conveyances from the original lessee, Carlisle Veneer Company, prior to December 1934. It does not show that Gilbertown Veneer Company had and owned the lease at that time by assignment or otherwise from the lessee. It is particular not to show that when the extension agreement was made, plaintiff had acquired the rights of the lessee. The uncertainty of such averment is pointed out in several grounds of demurrer, and still it is left in uncertainty.

■ Counsel for appellee suggest that it was thus left uncertain by design because the facts would show that he did not own the rights of the lessee at the time of such alleged extension agreement. With that as the status of the pleading, the rule is to presume against the plaintiff on demurrer to the complaint that he has stated his case in the most favorable aspect, and uncertainties are to be treated in their aspect most unfavorable to him. 16 Alabama Digest, page 59, Pleading ⊗⇒34 (4).

[6] So treated, plaintiff does not show in any of the three counts that he owned the option right when such verbal agreement was made. It must be treated as a new contract with plaintiff. It is not a substituted manner of performing a contract with him. Therefore, the first extension agreement is subject to the claim that it was void under the statute of frauds, since it was not to be performed within a year. Scoggin v. Blackwell, 36 Ala. 351; Parker's Adm'r v. Hollis, 50 Ala. 411; Rhodes Co. v. Weeden, 108 Ala. 252, 19 So. 318; Bain v. McDonald, 111 Ala. 269, 20 So. 77. · If so, it conferred no rights on complainant, though he may have later become assignee of the option right. That right did not then exist, because it had expired by the terms of the contract, since there was no extension validly made so as to be effective at the time it was assigned.

■ It follows that the verbal extension agreement for the second year was not within the contract, because, when properly interpreted the right ceased when not validly exercised for the first year. Compare, Mur-

phy v. Schuster Springs Co., 215 Ala. 412, 111 So. 427. Not being a modified or substituted manner of performing a valid subsisting contract between the parties to the alleged extension agreement, it was likewise within the statute of frauds.

For the third year plaintiff alleges no agreement, but only a tender of the stipulated sum (not accepted presumably), at a time when the right did not exist, because it was not kept alive for the two preceding years.

Without considering the other grounds of demurrer and other contentions made by appellee, we think the ruling was supported if predicated alone on the statute of frauds.

Affirmed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.