121 So.2d 911

**J. E. BELL**

v.

**Chester Earl BROOKS, Jr.**

**7 Div. 368.**

Supreme Court of Alabama.

June 30, 1960.

1. Ante, p. 629.

W. M. Beck and Loma B. Beaty, Ft. Payne, for appellant.

Scott, Dawson & Scott, Ft. Payne, and Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal by plaintiff from a judgment of nonsuit in an action at law in which plaintiff claimed damages for personal injuries sustained by plaintiff while he was riding in an automobile operated by defendant. The trial court sustained a demurrer to the complaint and because of that ruling plaintiff took a nonsuit.

The only assignment of error insisted on is the ruling of the trial court sustaining demurrer to the amended complaint which consisted of two counts, each charging simple negligence.

Count Two as amended recites in pertinent part as follows:

"The Plaintiff claims of the Defendant the sum of Ten Thousand Dollars ($10,000.00) damages for this: That * * * the Plaintiff was riding in an automobile of the Defendant at the invitation thereof, and by the request of the defendant, which said request arose out of a contract of employment between the Plaintiff and Defendant whereby the plaintiff was to investigate a job of assisting the Defendant dismantle a gin at or near Brunswick, Georgia, and the Defendant was to furnish the Plaintiff's transportation to Brunswick, Georgia; and Plaintiff avers that on said date, at a point between Newman, Georgia and Greenville, Georgia, the Defendant negligently drove and propelled the automobile so as to run same off the highway. Plaintiff avers that as a proximate result, he was thrown against the windshield of said car; * * * and he was otherwise permanently injured. Plaintiff alleges that his said injuries and damages were proximately caused by the negligence of the defendant, all to his damages as aforesaid. The Plaintiff avers that at the time of the accident the Defendant did not come within the provisions of the Alabama Workman's Compensation law."

The only difference we have observed between the two counts is that Count One recites that by the contract of employment " * * * Plaintiff was to assist the De-

-fendant in dismantling a gin * * *" instead of "* * * to investigate a job of assisting * * *." etc. In legal effect, we find no difference between the two counts. Both counts allege that the occasion of plaintiff's being in defendant's automobile resulted from a request which "arose out of a contract of employment * * *" whereby plaintiff agreed to make the trip to "assist" or "investigate a job of assisting" defendant.

The demurrer contains twenty-three grounds. The judgment of the court sustained the demurrer generally and was not rested on any particular ground.

In brief plaintiff has argued only those grounds of demurrer taking the point that the allegations of the complaint are insufficient to show that plaintiff was not a guest barred from recovery for simple negligence by the guest law, § 95, Title 36, Code 1940.

In Rudder v. Trice, 236 Ala. 234, 182 So. 22, 23, where plaintiff had appealed from a judgment of voluntary nonsuit suffered by plaintiff because of adverse ruling of the trial court in sustaining demurrer to the complaint this court said:

"If any ground of demurrer to those counts, or either of them, was good, that was justification for the ruling as to such count. Plaintiff could not in that event cause the judgment to be reversed by directing attention to certain specified grounds which may not be justification for the ruling. Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

"But the question is whether there was reversible error in sustaining demurrer on any ground assigned to counts 12, 13 or 16 as amended.

\* \* \* \* \* \*

"The argument of counsel for appellant is solely predicated upon an application of the statute of frauds to such renewal agreements made annually, as alleged. They cannot thus limit our inquiry into the sufficiency of those counts in the light of the 1602 grounds assigned. In the absence of argument of them by appellant, we would not be willing to say that none of them justify the ruling. We could very well rest an affirmance on the assumption that some of them were good. Richard v. Steiner Bros., 152 Ala. 303, 44 So. 562. * * *." 236 Ala. 234, 236, 182 So. 22.

In the instant case we will consider ground 4 of the demurrer which takes the point that the complaint fails to show that the Workmen's Compensation Law, Title 26, § 253 et seq., Code 1940, does not apply in this case.

The complaint appears to undertake to state a cause of action founded on a breach of the common law duty to use reasonable care, owed by the operator of a vehicle to a person riding in the vehicle at the invitation of the operator. Plaintiff attempts to aver that he was not a guest being transported without payment therefor. The count alleges, however, that plaintiff was riding as the result of a contract of employment whereby plaintiff agreed so to ride and that he was injured as a proximate result of defendant's negligence in operating the automobile. Construed against plaintiff, the complaint alleges that plaintiff was employed by defendant to make the trip and while making the trip plaintiff was injured. So construed, the complaint alleges that plaintiff was an employee of defendant and suffered personal injury caused "* * * by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause * * *." § 253, Title 26, Code 1940.

In Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787, this court considered whether or not a complaint by employee against employer is required to show that the case was not under the Workmen's Compensation Law and stated the rule as follows:

"We therefore hold that when a suit is brought by an employee against the

694

employer for injuries arising since our Workmen's Compensation Law became effective, the complaint should conform to said law, else set up a state of facts showing the inapplicability of same and bringing it within the influence of the law upon which the complaint is grounded and upon which reliance is had for a recovery." 205 Ala. 100, 103, 87 So. 787, 789.

That rule has been approved in: Demopolis Telephone Co. v. Hood, 212 Ala. 216, 102 So. 35; Bradley v. Johnson, 212 Ala. 330, 102 So. 710; Kasulka v. Louisville & N. R. Co., 213 Ala. 463, 105 So. 187; Kaplan v. Sertell, 217 Ala. 413, 116 So. 112; Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530; De Arman v. Ingalls Iron Works Co., 258 Ala. 205, 61 So.2d 764.

In the instant case, neither count of the amended complaint even attempts to comply by its averments with the requirements of the Workmen's Compensation Law, § 304, Title 26, Code 1940. The complaint should conform to the statute or should state facts showing that it did not apply. Kasulka v. Louisville & N. R. Co., supra.

There is no allegation of fact in the instant complaint to negative the applicability of the Workmen's Compensation Law. There is an averment as a conclusion that defendant did not come within that statute, but statement of a conclusion is not sufficient. Facts must be alleged.

In Kasulka v. Louisville & N. R. Co., supra, counts 4, 5 and 6 of the complaint stated as a conclusion "That at the time of the * * * injuries * * * defendant was * * * then engaged in interstate commerce," but this court held, (1) that neither count averred facts showing that plaintiff, when injured, was engaged in interstate transportation or any work so closely related to it as to be practically a part of it, and (2) that each count failed to state facts showing that the Workmen's Compensation Act did not apply. So here, the averments of facts are insufficient to show that said statute did not apply and

ground 4 of the instant demurrer was well taken.

The trial court did not err in sustaining the demurrer to the amended complaint.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY, GOODWYN, and MERRILL, JJ., concur.