# Bridgeport Water Company *v.* Goodwin.

## Action for Damages for Personal Injuries.

[Decided February 13, 1902.]

1. *Liability of water company for wantonly or negligently leaving meter-box uncovered.*—A water company is not liable to a person who, while walking at night along a city street, is injured by stepping into a box near the line between the street and sidewalk, where the box had ceased to be maintained or used by defendant and formed no obstruction or danger to the traveling public so as to constitute a nuisance, and defendant was not charged with the duty of inspecting or maintaining the sidewalks, and at the time defendant ceased to use the box it had removed the water-meter therefrom and nailed the top securely on the box, which had subsequently become uncovered by undisclosed means.

APPEAL from Jackson Circuit Court.

Tried before Hon. A. H. ALSTON.

Action for personal injuries. The first count ascribed the injuries to defendant's negligence in leaving uncovered a box, in which a water meter had been kept, and the second count to its wantonness or intentional wrong in so doing. The trial was had on the plea of the general issue. Among other charges requested by the defendant was the following: "If the jury believe the evidence, they should find for the defendant." There were verdict and judgment for plaintiff, and defendant appeals.

TALLY & HACKWORTH, for appellant, cited 3 Brickell's Digest, 671; 16 Am. & Eng. Ency. Law, 389.

PAUL D. WRIGHT and S. W. TATE, *contra*.

SHARPE, J.—Defendant had a main water pipe along a street in the town of Bridgeport and contracted with one Burke to supply water to his premises through a pipe placed and owned by Burke which was connected with defendant's main pipe. Pursuant to the contract a water meter owned and furnished by defendant for its use in measuring water supplied to those premises, was by Burke placed in a box he had caused to be placed in the ground over the supply pipe and near the line between the street and the sidewalk. The box was about eighteen inches in width and depth and was placed so that its top was about level with the sidewalk's surface. Afterwards Burke left the premises and defendant shut the water from his supply pipe, removed the meter and nailed a top securely on the box. Thereafter the box by some undisclosed means became uncovered and plaintiff while walking at night stepped into it and was injured.

These facts do not tend to prove the averment made in the second count of the complaint that defendant wantonly or intentionally left the box uncovered nor do they sustain the averment of the first count that the box was negligently left uncovered. There is nothing

to show defendant maintained or made any use of the box after its meter was removed and the fact which is undisputed that its top was securely nailed on implies at least that the covering was not subject to removal by ordinary use of the sidewalk, and that the fastening would be removed is not shown to have been an event which might reasonably have been foreseen. Nor is there any evidence from which it could be inferred that the box as it was left by defendant formed any obstruction or danger to the traveling public so as to constitute a nuisance while in that condition. The mere fact that Burke placed the box and meter for defendant's use while supplying him with water did not impose on defendant the duty to see to the condition of the box after it passed from defendant's use and control; nor did the general duty of inspecting and maintaining sidewalks devolve on defendant. Where there is no duty there can be no negligence.—Shear. & Red. on Neg., §§ 3, 5; Pollock on Torts, 352.

For these reasons defendant was entitled to the general affirmative charge requested by it and its refusal was error for which the judgment will be reversed and the cause remanded.

Reversed and remanded.