(99 South. 849)
## AMERICAN MUT. LIABILITY INS. CO. v. McDIARMID. (7 Div. 471.)

(Supreme Court of Alabama. April 17, 1924.)

**1. Contracts ⬅4—No implication of promise against express declarations of party to be charged.**

The law will not imply promise against express declarations of party to be charged made at time of supposed undertaking, as all contracts, whether express or implied, must be based on mutual agreement of parties.

**2. Physicians and surgeons ⬅23—Additional compensation not allowable after expiration of contract.**

Under contract between insurance company and surgeon wherein surgeon for percentage of premiums paid by factory, agreed to treat all accident cases in the factory at his own expense until injured employee could return to work, *held*, that surgeon was not entitled to additional compensation, after expiration of his contract, for subsequently treating employees injured before contract expired.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action in assumpsit by T. S. McDiarmid against the American Mutual Liability Insurance Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The plaintiff, as a witness in his own behalf, testified that he was a practicing physician and that he entered into the following contract with the defendant:

"Birmingham, Ala., January 7, 1920.

"Dr. T. S. McDiarmid, Gadsden, Ala.—Dear Sir: In accordance with our recent conversation it is agreed that beginning with 12:01 a. m., January 1st, 1920, you will treat on our account all cases of accident occurring to employees of the Gadsden Car Works, Gadsden, Alabama, arising out of their employment.

"This arrangement is to include full treatment until the injured employee is able to return to work, including hospital treatment, minor and major operations, anæsthetics, baking, massage, medical and surgical supplies, and the rendering of reports when requested. It is also agreed that whatever crutches and apparatus may be necessary within the first sixty days of disability you will furnish the injured employee without cost to us.

"It is further agreed that during the continuance of this treatment you will keep a set of instruments, instrument case, sterilizers for instruments and dressings, and drugs, medicines, splints, dressings, basin, etc., at the hospital on the premises of the Gadsden Car Works, Gadsden, Alabama. It is also agreed that during the continuance of this arrangement you will keep at your expense a nurse, who is either a graduate nurse or has had at least two years practical experience in nursing, exclusively at the hospital on the premises of the Gadsden Car Works during working hours. You are also to provide for alternates, without cost to us, who, in your absence or when you cannot be reached, will assume the care and treatment of such cases as may be referred to them.

"For the above arrangement you will receive from this company payment at the rate of 17½% of the premium for the manufacturing operations of the Gadsden Car Works. You can receive this payment either monthly, quarterly, semiannually or annually, whichever you prefer.

"If the above arrangement embodies our understanding, please sign the four copies of the

agreement, keeping one copy for your files. American Mutual Liability Insurance Co. [Signed for Company] H. C. Kneppenberg, Jr. T. S. McDiarmid, M. D."

The plaintiff, the sole witness in the case, further testified that the contract expired on December 31, 1921, and that he had been paid the agreed compensation for that time; but that between January 1, and May 16, 1922, he treated or completed treatment of certain employees of the Gadsden Car Works who had been injured prior to January 1, 1922. On January 12, 1922, he testified, he had a conversation with a representative of the defendant in which he stated that "these men were brought over and had to be treated," and that his contract had expired, and asked him what to do about it and who would pay for the treatment. The representative told plaintiff that plaintiff's responsibility continued and that he would not be paid for the continued treatment of the cases in question. This witness testified as to the service performed between January 1, and May 16, 1922, its value, and that he had not been paid therefor.

The trial court gave the affirmative charge at plaintiff's request, refused a like charge requested by defendant; and there were verdict and judgment for plaintiff, from which the defendant prosecutes this appeal.

Goodhue & Lusk, of Gadsden, and Brenton K. Fisk, of Birmingham, for appellant.

Where there is an express contract, it fixes the right and liability of the parties and excludes the idea of an implied contract. Alexander v. Ala. West. Ry., 179 Ala. 480, 60 South. 295; Loval v. Wolf, 179 Ala. 505, 60 South. 298. No contract can be implied against the expressed declaration not to be bound. Meaher v. Pomeroy, 49 Ala. 146; Hodges v. Sublett, 91 Ala. 588, 8 South. 802; McGowin v. Camp, 192 Ala. 35, 68 South. 263.

E. O. McCord & Son, of Gadsden, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. On the undisputed evidence before the trial court we can find no basis for any recovery of compensation by plaintiff. Manifestly, if plaintiff can recover at all, it must be either under the terms of the written contract made between him and defendant on January 7, 1920, and remaining in full force and effect during the period of his alleged service, or it must be under a new contract, expressed or implied, for the performance of the services alleged to have been rendered.

Plaintiff's contention is that the written contract of January 7, 1920, expired at the end of 1921, and that his obligations thereunder ceased upon its expiration, not merely as to the treatment and care of employees who were injured after that time in 1922, but also as to the further treatment and care of those who had been injured in 1920 and 1921, pending the operation of the contract. If this view of the matter is correct, it is of course fatal to any right of recovery under the contract.

The evidence shows that plaintiff is not claiming under the written contract, but only upon an implied obligation on the part of defendant to pay plaintiff a reasonable compensation for the services rendered by him.

[1] The evidence shows without dispute that, when plaintiff inquired of defendant's agent as to the performance of these services, the agent informed him that it was plaintiff's duty to perform them under the written contract, and that defendant would not pay him for it. It is well settled that the law will not imply a promise against the express declarations of the party to be charged, made at the time of the supposed undertaking. Meaher v. Pomeroy, 49 Ala. 146; Hodges v. Sublett, 91 Ala. 588, 8 South. 800; 5 Corp. Jur. 1385, § 14. The reason for this rule is that all contracts must be based on the mutual agreement of the parties. The difference between an expressed and an implied contract is merely in the mode of proof, the elements being the same, and where mutual agreement is contradicted by the statements of either party at the time, there being no expressed agreement, there can be no implication of contractual undertaking by that party.

[2] It is not necessary to construe the written contract further than to say that it clearly did not impose upon defendant any obligation to pay for these services any more than 17½ per cent. of the premium paid to defendant by the assured company, which, as plaintiff testified, had already been paid to him in full.

It results that plaintiff showed no right to recover, and that the trial judge erred in giving the affirmative charge for plaintiff. Instead, the affirmative charge should have been given for defendant, as requested.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.