(132 So. 893)

## HANBY v. CAMPBELL.
### 7 Div. 27.

Supreme Court of Alabama.
March 12, 1931.

Hood & Murphree, of Gadsden, for appellant.

E. O. McCord & Son, of Gadsden, for appellee.

ANDERSON, C. J.

In an action for the breach of a contract, where the promises or covenants in an agreement are mutual and dependent or concurrent, plaintiff must aver performance or at least an offer to perform on his part, or a legal excuse for nonperformance, but, where the defendant has repudiated the contract, an allegation of performance by plaintiff is unnecessary. Long v. Addix, 184 Ala. 236, 63 So. 982; 13 C. J. 723, 4 Am. & Eng. Ency. Pl. & Pr. 932. Count 2 of the complaint fails to aver that a deduction from the plaintiff's wages was made or that he earned a sum from which it was or could have been deducted. It does aver that he was in the employ of the Walworth Alabama Company for a long time prior to May 1, 1929, and that he was in the employment at the time of the alleged breach, but there is nothing to indicate whether he earned wages or that the defendant did or could have deducted a dollar a month therefrom. Moreover, the count fails to show that the contract with the defendants was in existence a month before the alleged breach. It does aver that the plaintiff was working for the Walworth Company a long time prior to May 1, 1929, but it does not charge that or any other date as to when the contract was made with the defendants as to medical services. It does aver that the said contract was in full force and effect on June the 9th, but, from aught appearing, it may have been made June the 8th and was breached before the plaintiff had earned wages from which there could have been a deduction as provided by the contract, and there is no averment that the fee could or should be deducted in advance of the earning of the wages. Upon demurrer, pleading must be more strongly construed against the pleader, and inferences will not be indulged in support of same.

The trial court erred in not sustaining the defendant's demurrer to count 2 of the complaint, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.