105 So.2d 357

**M. A. NORDEN**

v.

**Harold E. DAVIS.**

**I Div. 773.**

Court of Appeals of Alabama.

Sept. 9, 1958.

Cunningham & Wilkins, Mobile, for appellant.

Moore & Simon, Lionel L. Layden, Mobile, for appellee.

CATES, Judge.

August 23, 1953, Davis filed an action against Norden for work and labor done. Trial January 17, 1958, resulted in a verdict for Davis with damages of $264. From a judgment therefor and the denial of a motion for new trial, Norden has appealed.

Davis's evidence tended to show that Norden in June, 1952, was operating a scrap paper department of his business and asked Davis to check in the collecting trucks, bale and weigh the paper. This work started at 5:00 p. m. and lasted sometimes until 11:00, sometimes until 9:00 or or 10:00 at night. The next day the manager of the department paid the paper gatherers on the basis of scale tickets, made out and signed by Davis.

Norden made no agreement as to the rate of Davis's pay. Davis testified he considered his work worth $50 a week, because the day man (McMahon) who worked eight hours a day made $100 a week.

Norden denied that Davis ever did any work for him.

Norden's claim here that the court below fell into error is put into five propositions, viz.: (1) In an action for work and labor done, the plaintiff must prove an amount due, i. e., "due and payable"; (2) that the plaintiff's burden requires him to prove the amount was agreed upon or the work was done in a good and workman-like man-

ner; (3) to prove the charges were reasonable; (4) a witness as to value must show some means or knowledge to qualify him; and (5) evidence of value of services of another is inadmissible to prove value of plaintiff's services unless similar.

*Indebitatus assumpsit,* while perhaps historically of equitable rather than legal origin, is now well imbedded in the jury side of our courts, and if this contract by implication differs from an express agreement, it is merely in the mode of its proof, American Mutual Liability Ins. Co. v. McDiarmid, 211 Ala. 127, 99 So. 849.

■ Thus, where the services of a person are knowingly accepted, principles of justice (viz., to prevent unjust enrichment) are said to have caused the law to require that they be paid for at a reasonable rate.

Accordingly, we consider, from a review of the entire record, that Davis made out a prima facie case sufficient to submit to the jury.

■ Alternatively, Davis's testimony would support a finding of an express agreement to the extent of an offer and acceptance, leaving open only the rate of compensation. Restatement, Contracts, § 33, reads:

> "An offer which is too indefinite to create a contract if verbally accepted, may, by entire or partial performance on the part of the offeree, create a contract.
>
> "*Illustration*: 1. A says to B: 'I will employ you for some time at $10 a day.' An acceptance by B either orally or in writing will not create a contract; but if B serves one or more days a unilateral contract arises binding A to pay $10 for each day's service."

In McIntyre Lumber & Export Co. v. Jackson Lumber Co., 165 Ala. 268, 51 So. 767, 770, we find:

> "The law does not favor, but leans against the destruction of contracts because of uncertainty; it will, if feasible, so construe the contract as to carry into effect the reasonable intention of the parties if that can be ascertained.
> * * *"

Two further questions cause some difficulty. *First,* Davis's proof of the value of his services; and, *second,* when was his compensation, if any, due and payable.

■ Davis's testimony as to the value of his services was based partly on analogy to the money paid McMahon. Norden contends the duties of the two men were different, and, therefore, evidence of McMahon's salary was irrelevant.

Davis's and McMahon's testimony was that both performed approximately the same duties, but in addition thereto McMahon also handled petty cash and paid the paper collectors in behalf of Norden, whereas Davis handled no money.

We do not consider the description of additional duties performed by McMahon as vitiating the testimony as to that part of the work performed by the two men which was the same. The jury could, we believe, reasonably allocate as to the worth between the work performed by the two men. There was similarity (though not *identity*) in the duties of each. The weight and credit were for the jury.

The enquiry on reasonableness in *quantum meruit* apparently permits of wide range, Syson & Co. v. Hieronymus Bros., 127 Ala. 482, 28 So. 967. The second sentence of Code 1940, T. 7, § 367, reads:

> " * * * One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion."

In Hyde v. Starnes, 247 Ala. 26, 22 So.2d 421, a claimant for board and nursing of a decedent was held competent to testify as to the reasonable charges for her services. The opinion seems to include personal services as being within the scope of the word'

584

"article" in § 367, supra. This principle seems to have been extended in Gavin v. Hughes, 249 Ala. 126, 30 So.2d 245, so as to cover all services except those rendered in the course of practice by a member of a learned profession. So that we consider our precedents comport with Wigmore's statement:

"* .* *. It would be a hard rule which would prevent a *plaintiff* from informing the jury of *his own estimate* of the value of his services; * * * that he has rendered them justifies listening to his opinion."—Wigmore, Evid. (3rd. Ed.), § 715.

By his own testimony Davis stated that Norden expressly agreed to pay when the scrap paper division of Norden's business started making a profit. This testimony, of course, makes the agreement an express one rather than one arising from implication, leaving only the amount of the compensation to be determined on the basis of reasonableness.

■ We do not consider that an agreement to pay when the business becomes profitable constitutes an uncertain term so as to vitiate the agreement. We distinguish this from the situation in Pulliam v. Schimpf, 109 Ala. 179, 19 So. 428, wherein the parties failed to express any agreement because they made the continuation of their enterprise dependent upon it continuing to be profitable.

■ Here, Davis contends that Norden agreed to pay him for his work *when* the business became profitable, and this point was reached in December, 1952. This may have been an indeterminate point in time, but when and if it came about, then, under Davis's testimony, Norden's obligation was no longer contingent but absolute. The jury undertook to give credence to Davis's version of the agreement and Norden himself introduced interrogatories addressed to Davis, one of the questions reading, "Please describe in detail the agreement made by the defendant with reference to paying you for

any services performed during the period June 1, 1952 through October 1, 1952," and Davis's answer was: "Defendant agreed to pay me when the Paper Department began making money, approximately December of 1952."

We consider this answer sufficient evidence of an express though contingent time for the payment of Davis's wages thus proving the claimed amount to be due and payable.

It was not necessary here for Davis to prove he did his duties in a good and workman-like manner. We read the reference to this in Jones v. Mullin, 251 Ala. 501, 38 So.2d 281, as arising from the facts of the case, i. e., the claim was for the repair of a truck and tractor by way of labor and materials; Mullin was an independent contractor. Davis was an employee. The fact that his master kept him working (as we infer from the verdict) gives rise to a presumption his services were reasonably satisfactory.

We have carefully considered all the assignments of error insisted on in brief by appellant and consider this cause due to be

Affirmed.