106 So.2d 646

John W. GILBERT

v.

GWIN–McCOLLUM FUNERAL HOME, Incorporated, etc.

6 Div. 320.

Supreme Court of Alabama.

Nov. 20, 1958.

Lipscomb, Brobston, Jones & Brobston,
W. E. Brobston, Bessemer, for appellant.

Huey, Stone & Patton, Bessemer, for appellee.

MERRILL, Justice.

Appellant, plaintiff below, appeals from a judgment of involuntary nonsuit after an adverse ruling of the court in sustaining demurrers of appellee, defendant below, to each count of the complaint, as amended. The amended complaint consisted of three counts, styled Counts One and Two and Count A. Count One is in negligence and Count Two is for the breach of an implied contract. Count A is substantially the same as Count One, and appellant asserts in brief that it is this count in which he places the greatest reliance. The reporter will set out Count A and grounds of demurrer 1,

2, 6, 12, 13, 14, 16–21, 26 and 27 in the report of the case.

Appellant states in brief that the gravamen of the complaint is the undertaking by the funeral director to lead a funeral procession in which plaintiff was a passenger, into a position of danger, without warning him, though the defendant knew in advance the danger to be faced. Appellee takes the position that the defendant owed no duty to the plaintiff in that the defendant had no control whatsoever over the operation of the automobile in which plaintiff was riding and had no right to direct how said automobile should be operated.

██ It is elementary that where there is no duty, there can be no negligence. City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160; Weston v. National Mfrs. & Stores Corp., 253 Ala. 503, 45 So.2d 459; Hill v. Reaves, 224 Ala. 205, 139 So. 263; Bridgeport Water Co. v. Goodwin, 132 Ala. 533, 31 So. 490. And it is a well-established rule of common-law pleading in Alabama that, while negligence may be alleged in general terms, a complaint is not sufficient unless facts are averred which disclose a duty owed by the defendant to the injured party and a breach of such duty. Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305; Alabama Utilities Co. v. Champion, 230 Ala. 263, 160 So. 346; Ridgely Operating Co. v. White, 227 Ala. 459, 150 So. 693; Ensley Ry. Co. v. Chewning, 93 Ala. 24, 9 So. 458. Another rule of pleading in Alabama is that, when considering the sufficiency of the allegations on demurrer, the court will assume that the pleader has stated his cause as favorably as possible, and the averments will not be aided by implications or intendments, but the pleading will be construed most strongly against him. Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443; Rudder v. Trice, 236 Ala. 234, 182 So. 22; Hanby v. Campbell, 222 Ala. 420, 132 So. 893; 16 Ala.Dig., Pleading, ☞34(4).

Applying these rules of pleading to the complaint in the instant case, we must consider the facts to be that plaintiff was the last car in the fifteen-car funeral procession, and that there was a considerable distance between the automobile in which plaintiff was riding and the automobile next preceding him. And in the absence of averments to the contrary, it must be assumed in construing the pleadings that every car preceding the plaintiff did stop at the stop sign protecting the Tuscaloosa highway, for we must assume in the absence of an averment to the contrary, that those drivers obeyed the stop sign. It does not appear that the driver of the plaintiff's automobile turned his lights on or that he stopped for the stop sign. The control of traffic upon public highways is a legislative function and one to which the legislature has given considerable effort in assuming. Tit. 36, §§ 1–58, Code 1940. These laws and "rules of the road" obtain on all public highways in the State except that local authorities are authorized under Tit. 36, § 48, as amended, to "* * * place and maintain such traffic-control devices upon highways under their jurisdiction as they may deem necessary to indicate and carry out the provisions of this chapter or local traffic ordinances or to regulate, warn, or guide traffic."

██ It logically follows that, in the absence of local regulations concerning the conduct and regulation of traffic upon public highways, the State law would prevail. Nowhere in any of the counts of the complaint in the instant case do we find any reference to any ordinance of the City of Bessemer regulating or controlling traffic at the intersection of Ninth Street and Tuscaloosa Highway. And under Tit. 36, § 21, the State Highway Department is authorized to erect stop signs at entrances to such highways as the Tuscaloosa highway from intersecting roads. In Count A of the complaint, it is averred that there is a stop sign on Ninth Avenue at the entrance into the Tuscaloosa highway. And, although it does not appear whether

the stop sign was placed there by virtue of city ordinance or by the State Highway Department, it must be assumed that it was placed there pursuant to law. Harris v. Blythe, 222 Ala. 48, 130 So. 548. And, it is negligence per se for the driver of an automobile to fail to heed a stop sign before entering a highway. Harris v. Blythe, supra. Insofar as we can determine, there is no Alabama statute regulating the rights of automobiles in funeral processions, although there are city ordinances relating to funeral processions. Our court, in the case of Sloss-Sheffield Steel & Iron Co. v. Allred, 247 Ala. 499, 25 So.2d 179, 180, had before it such a city ordinance. It appears from that case that the ordinance provided that the operator of an automobile should not drive through a funeral procession. Plaintiff's car was in a funeral procession and entered the intersection on a red light, and the defendant's truck, which had the green light, entered the intersection and collided with the plaintiff's automobile. The case was before the court on certiorari from the Court of Appeals, and the Court of Appeals had found that the driver of the defendant's truck neither knew nor was there anything to put him on notice that the plaintiff's car was in a funeral procession. This court held that if this were true, then the ordinance dealing with the driving through a funeral procession had no application. We said:

"It is true that violation of the city ordinance is per se negligence, but this does not necessarily constitute actionable negligence. 'Unless there is the breach of a duty owing, there is no actionable negligence, though there be negligence.' Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90, 92. See also Tennessee Coal, Iron & R. Co. v. Smith, 171 Ala. 251, 55 So. 170; 45 C.J. p. 631.

" * * * If the car of plaintiff was in a funeral procession and this was reasonably apparent to the public, then it had the right to enter the intersec-

tion on the red light by virtue of Section 5920 of the City Code dealing with driving through a procession. Though not here involved, it is well to keep in mind that the mere fact that plaintiff's car was in a funeral procession did not relieve the driver of plaintiff's car of the general duty to operate the car with careful and prudent regard for the safety of others. Duke v. Gaines, 224 Ala. 519, 140 So. 600.

"So far as the defendant is concerned, the green light did not authorize the driver of its truck to enter the intersection and drive through the funeral procession if the driver either knew or from the surrounding facts and circumstances should have known that a funeral procession was passing through the intersection."

The foregoing states the law with regard to funeral processions where there is a city ordinance concerning their right of way through intersections. There is, however, no ordinance alleged in the instant case nor is it claimed that the procession had the right of way. We must determine the issue of duty considering all the relevant circumstances.

■ Is the funeral director in the instant case, considering all the construed facts, under a duty to the passenger in the automobile of a third party in the funeral procession; or, as Dean Prosser, in Prosser on Torts, 2d Ed. (1955) would state the issue in law: Is the defendant under any obligation for the benefit of the particular plaintiff? We do not believe that he is. Again, construing the facts as stated supra, in the absence of a city ordinance, and in the absence of any showing that defendant had any control over the operation of the vehicle in which plaintiff was riding, or any right to direct the driver how to operate the vehicle, we cannot say that there was any duty owed to appellant by appellee.

■ Appellant's first major contention is that mourners, who attend the wake of a deceased, occupy the relation of·business invitees of the funeral director and that relation does not cease when the mourners leave the premises of the funeral home, but extends to the funeral procession, making the street in such instance, the "undertakers shop." The two cases cited are Watts v. Rhodes, 325 Mass. 697, 91 N.E. 2d 925, and Savoy v. G. F. Poole Mortuary, La.App., 60 So.2d 108, both of which say that visitors to a funeral home, for the purpose of attending a wake of a relative or friend, are invitees and not licensees. In the Watts case, however, the court was considering the question only of whether the relation extended to a ramp to a side door of the funeral home, and in the Poole Mortuary case, the court considered a sidewalk. Both a ramp and a sidewalk, in close proximity to the funeral parlor, seem to us to be vastly different from an intersection with a public highway, and we cannot say that plaintiff was an invitee ·of defendant.

Appellant also relies on the Ohio case of Sack v. A. R. Nunn & Son, 129 Ohio St. 128, 194 N.E. 1, wherein the plaintiff was in an automobile in the funeral procession and was injured when, on the return trip from the cemetery, the car struck a telephone pole. It is material in that case, however, that the undertaker was under contract to transport the funeral party to the cemetery and back, that he hired the cars from a third party placing them in the procession, and gave them written instructions of operation with regard to safety. Those, of course, are not the facts in our case.

We have examined the other cases cited by appellant in support of Counts One and A and find each of them so distinguishable from the instant case as not to be apt authority. It follows that some of the grounds of demurrer questioning the duty of the funeral director owing to the plaintiff were well taken as to Counts One and A

and·the trial court properly sustained the demurrer.

The only other question which is here for consideration is whether Count Two, the count alleging breach of an implied contract, is sufficient. Grounds of demurrer 7 and 8 raise the point that there is no contractual relation between the plaintiff and the defendant which would authorize a suit on the contract as sought in Count Two of the complaint.

■ An implied contract arises where there are circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intent to contract. Such a contract must contain all the elements of an express contract, which rests on consent, and it is to every intent and purpose an agreement between the parties, and it cannot be found to exist unless a contract status is shown. 17 C.J.S. Contracts § 4, subd. b; Cowan v. Martin & Huckaby, 246 Ala. 378, 20 So.2d 769. And the only difference in an implied contract and an expressed contract is in the mode of proof, the elements being the same. American Mutual Liability Ins. Co. v. McDiarmid, 211 Ala. 127, 99 So. 849. It follows that the complaint, in order to be held sufficient, must show the elements of a contract action. In the instant case, plaintiff claims in the first sentence of Count Two on "the breach of an implied contract" and no further reference is made to a contract, except in the last sentence of this count where it is alleged that plaintiff relied on the implied promises of the defendant to safely conduct the funeral procession. Although a contract may be pleaded by stating its substance and legal effect, or in haec verba, all material elements thereof should be stated with certainty to a common intent. Evans v. Town of Muscle Shoals, 235 Ala. 325, 179 So. 228, and cases there cited. It is apparent that appellant has failed in this respect in Count Two and, therefore, the two grounds of demurrer directed to the absence of a contractual relation were well taken.

The trial court properly sustained the demurrer to Counts One and Two and to Count A of the complaint, and the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.