Charles Edward Rozelle and his wife Montine D. Rozelle sued St. Clair Federal Savings Bank (hereinafter referred to as "the Bank"), alleging breach of contract, promissory *Page 987 
fraud, ordinary fraud, and violations of the Alabama Uniform Commercial Code ("UCC"). At the close of the Rozelles' case, and again at the close of all the evidence, the Bank moved for a directed verdict on the promissory fraud claim and also moved to dismiss the breach of contract and UCC claims. The trial court denied the directed verdict motion, but granted the motion to dismiss, and then charged the jury on promissory fraud and ordinary fraud. The jury returned the following verdict in favor of the Rozelles: "We, the jury, find the issues in favor of the Plaintiffs and against the Defendant and assess their damages as follows: Compensatory or Actual Damages $125,000; Punitive Damages $0; Total Damages $125,000." The trial court entered a judgment on the verdict and then denied the Bank's subsequent motion for a judgment notwithstanding the verdict and its motion to alter, amend, or vacate the judgment. The Bank appeals.
The Bank argues that the trial court erred in refusing to direct a verdict in its favor on the fraud claim and in denying its motion for a J.N.O.V.
"The standard of review for the denial of motions for a directed verdict and a judgment notwithstanding the verdict is whether the party with the burden of proof has produced sufficient evidence to require a jury determination." MaconCounty Comm'n v. Sanders, 555 So.2d 1054, 1056 (Ala. 1990). For actions filed after June 11, 1987, the standard of review applicable to a motion for a directed verdict or a J.N.O.V. is the "substantial evidence rule" set out at Ala. Code 1975, §12-21-12(d). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.,547 So.2d 870, 871 (Ala. 1989). This Court must view all the evidence in a light most favorable to the nonmovant and must entertain such reasonable inferences as the jury would be free to draw from the evidence. Williams v. Allstate Ins. Co.,591 So.2d 38 (Ala. 1991).
The Rozelles' promissory fraud claim was predicated on an alleged promise to perform a future act. In First Bank of Boazv. Fielder, 590 So.2d 893 (Ala. 1991), this Court addressed the nature of such a fraud claim:
 " ' "The only basis upon which one may recover for fraud, where the alleged fraud is predicated on a promise to perform or abstain from some act in the future . . . is when the evidence shows that, at the time . . . the promises of future action or abstention were made, the promisor had no intention of carrying out the promises, but rather had a present intent to deceive. Robinson v. Allstate Insurance Company, 399 So.2d 288 (Ala. 1981). If such intent is not substantiated by the evidence, the fraud claim should not be submitted to the jury. The failure to perform, alone, is not evidence of intent not to perform at the time the promise was made. If it were, a mere breach of contract would be tantamount to fraud. Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976)." ' "
590 So.2d at 897, quoting earlier cases. See, also, HearingSystems, Inc. v. Chandler, 512 So.2d 84 (Ala. 1987), andPurcell Co. v. Spriggs Enterprises, Inc., 431 So.2d 515 (Ala. 1983).
The evidence, viewed most favorably to the Rozelles, shows that the Rozelles and their son Mark Rozelle borrowed $150,000 from the Bank to purchase restaurant equipment and gave the Bank a promissory note in that amount. To secure the note, the Rozelles executed a mortgage on their residence and certain real estate and executed a UCC-1 financing statement on the equipment. Ray Miller, the president of the Bank, represented that the equipment was to be the primary collateral on the loan and that, in the event of default, it would be repossessed and sold, with the proceeds applied to the debt before the mortgage would be subject to foreclosure. Miller made this promise with the knowledge that the Rozelles did not want the loan if their residence and real estate were to be the primary collateral. There is evidence that Miller planned to file a financing statement, but failed to do so until several months later. The Rozelles defaulted on the note; *Page 988 
when the Bank tried to repossess the equipment, it learned that the UCC-1 financing statement had not been promptly filed and that as a result it had lost its priority to a landlord's lien because of delay in filing the financing statement. The Bank then began foreclosure proceedings against the Rozelles' real estate.
We recognize that the Rozelles relied on Miller's 24 years' experience in the banking industry to properly perfect the UCC-1 financing statement and that, as a result of Miller's failure to promptly file the UCC-1 financing statement, the Rozelles' residence and real estate were subject to foreclosure, without any proceedings against the equipment. However, the evidence shows that Miller did intend to file the UCC-1 financing statement, even though he may have failed to promptly do so. In view of this, we hold that the Rozelles' evidence that Miller did not promptly file the financing statement was not substantial evidence that Miller had an intent to deceive the Rozelles at the time he promised to take the equipment as the primary collateral; therefore, the trial court erred in denying the motions for a directed verdict on the promissory fraud count.
In addition to the charge on promissory fraud, the jury received a charge on ordinary fraud, or misrepresentation of present facts other than Miller's promise to use the equipment as primary collateral. The elements of fraud are 1) a false representation, 2) of an existing material fact, 3) that is justifiably relied upon, and 4) damage proximately resulting from the reliance. Pinyan v. Community Bank, 644 So.2d 919
(Ala. 1994); McCullough v. McAnalley, 590 So.2d 229 (Ala. 1991); Country Side Roofing Sheet Metal, Inc. v. MutualBenefit Life Ins. Co., 587 So.2d 987 (Ala. 1991). The testimony of the Rozelles constitutes "substantial evidence" that Miller represented to them that the equipment was the primary collateral on the loan, that the Rozelles justifiably relied on this representation because of Miller's banking expertise, and that, as a result of this reliance, the Rozelles were damaged.
The trial court properly submitted the Rozelles' ordinary fraud claim to the jury, but it erred in submitting to the jury their claim alleging promissory fraud. The jury returned a general verdict in favor of the Rozelles. When a case contains a "good" count, which is one properly submitted to the jury, and a "bad" count, which is one improperly submitted to the jury, and the jury returns a general verdict, this Court cannot presume that the verdict was returned on the good count.South Central Bell Tel. Co. v. Branum, 568 So.2d 795 (Ala. 1990).
The trial court charged the jury that it could award punitive damages if it returned a verdict for the Rozelles on the promissory fraud claim, but that it could not award punitive damages for ordinary fraud. Because the jury did not award punitive damages, it might appear that it returned its verdict based on the ordinary fraud claim; however, the jury was notrequired to award punitive damages and could have declined to do so even if it based its verdict on the erroneously submitted promissory fraud claim.
Because we therefore cannot presume that the jury returned its verdict on the ordinary fraud claim, the judgment based on that verdict is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, HOUSTON and KENNEDY, JJ., concur.