RICHARD L. HOLMES, Retired Appellate Judge.
In February 1992 Evelyn Boykin and Judith Meredith filed, on behalf of themselves and all those similarly situated, a class action suit against Smart Corporation (Smart), St. Vincent’s Hospital, and Simon-Williamson Clinic.
The complaint alleged the following, in pertinent part: Boykin and Meredith had been patients of the named medical facilities. The named medical facilities had breached their duties to maintain the confidentiality of their patients’ medical records and had invaded their patients’ privacy by contracting with Smart, a professional copying service, to make copies of patients’ medical records. Smart charged excessive amounts for the requested copies, unlawfully collected sales tax, and assessed unlawful charges for late payment. Boykin and Meredith sought in-junctive relief and recovery of monetary damages.
*940 In September 1992 the trial court determined that it was appropriate to maintain the present action as a class action.
Thereafter, Boykin and Meredith (collectively referred to as plaintiffs) amended the complaint to add Robert W. Shores, a member of the Alabama State Bar, as an additional class representative for all members of the Alabama State Bar who have been, or will in the future be, subjected to excessive charges for copies of medical records. Later, the plaintiffs filed a second amended complaint to add Shores’s employer, the law firm of Roden & Hayes, P.C., as an additional class representative. The amended complaints also added additional defendants and causes of action.
In January 1993 Smart filed a motion to dismiss and/or to strike the claims in the complaint asserted against Smart. Smart filed a brief in support of its motion. The plaintiffs filed a brief in opposition to the motion, and Smart filed a reply to the brief in opposition.
By letter dated January 10, 1995, the plaintiffs advised the trial court that they would voluntarily dismiss all defendants and all claims with the exception of Smart and the claim against Smart for unreasonable charges.
After a hearing the trial court issued an order dated January 25, 1995. In its order the trial court treated Smart’s motion to dismiss and/or to strike as a motion for a summary judgment. The trial court entered a summary judgment in favor of Smart and dismissed Smart from the present case. We would note that in this order the trial court dismissed all claims and all defendants in this ease.
The plaintiffs appeal. This ease is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The plaintiffs contend that the trial court committed reversible error when it entered a summary judgment in favor of Smart on the issue of whether Smart could charge fees for its services which, the plaintiffs alleged, were arbitrary and excessive.
Rule 56(c)(3), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. Rule 56(e), Ala.R.Civ.P., provides, in pertinent part, that once the movant has supported his position that a summary judgment is appropriate, the non-movant “may not rest upon the mere allegations ... of his pleading, but his response ... must set forth specific facts showing that there is a genuine issue for trial.”
Our review of the record reveals the following pertinent facts: Boykin and Meredith retained legal counsel to represent them in personal injury claims. The attorney representing Boykin and Meredith requested copies of their medical records from the medical facilities named in the original complaint. Medical authorizations executed by Boykin and Meredith were included with these requests.
Smart copied the requested medical records and sent them to the attorney representing Boykin and Meredith. Smart sent itemized invoices to the attorney, which were paid in fall without objection. The attorney representing Boykin and Meredith used the medical records to negotiate and to settle their respective personal injury claims.
On numerous occasions Shores and the law firm of Roden & Hayes, P.C., had received medical records that were photocopied by Smart and had used these medical records to represent their clients in personal injury claims. Smart’s invoices for these requested medical records were paid without objection.
While the plaintiffs do not dispute the above-stated facts, they contend that because they did not knowingly request the services of Smart, they should only be obligated to pay a reasonable value for the services rendered by Smart. The plaintiffs maintain that because the trial court faded to order Smart to reimburse the amount of the fee which, they say, was excessive and arbitrary, then Smart unjustly profited from its unauthorized actions.
The two eases which the plaintiffs relied upon, both at the trial level and on appeal, to support the above-stated contentions are Hendrix, Mohr & Yardley, Inc. v. City of *941 Daphne, 359 So.2d 792 (Ala.1978), and Norden v. Davis, 39 Ala.App. 581, 105 So.2d 357 (1958). In Hendrix, our supreme court noted that the law implies a promise that the one who knowingly accepts services rendered by another will pay the reasonable value of the services rendered. In Norden, this court noted that to allow acceptance of the services, without requiring payment at a reasonable rate to the person who rendered the services, would result in unjust enrichment.
The plaintiffs’ reliance on these cases is misplaced because these cases involved a claim for compensation made by the one who had rendered the services, rather than a claim for reimbursement made by the one who accepted the services. The plaintiffs failed'to cite either to the trial court or to this court any case law or statutory law which supports their claim that they were entitled to reimbursement of the amount of the fees which they paid without protest, but now claim were arbitrary and excessive.
In the present case it is undisputed that the plaintiffs received the copies of the requested medical records, received Smart’s invoices for photocopying the requested medical records, and paid the invoices without objection. The plaintiffs failed to cite any authority to support their contention that they were entitled to reimbursement.
Consequently, we find that the trial court correctly entered a summary judgment in favor of Smart.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.