[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1205 
On January 12, 1996, June Brooks and Jimmy Brooks, wife and husband, sued Winn-Dixie of Montgomery, Inc., claiming damages for negligence, wantonness, and a breach of contract; the claims were based on injuries June Brooks had sustained on August 15, 1994, while shopping at a grocery store operated by Winn-Dixie. June sought damages for personal injuries, mental and emotional distress, medical expenses, lost wages, and a loss of consortium; Jimmy also sought damages for a loss of consortium.
After the jury had been selected and the unselected jurors dismissed, both parties made Batson[1] challenges. The court denied both parties' challenges as untimely and proceeded to trial. At the conclusion of all the evidence, Winn-Dixie moved for a directed verdict on all the Brookses' claims. The court directed a verdict in favor of Winn-Dixie on the breach of contract and wantonness counts. The Brookses moved for a directed verdict against Winn-Dixie's contributory negligence defense; the court denied the motion. The case was submitted to the jury, which returned a verdict in favor of Winn-Dixie.
Six days after the jury returned its verdict, the Brookses moved 1) to resummon the jurors for "physical examination" and 2) for a new trial. Following a hearing, the court denied the motion to resummon jurors for physical examination; however, it never ruled on the motion for a new trial. Accordingly, the motion for a new trial was deemed denied 90 days after it was filed, by operation of law. Rule 59.1, Ala. R. Civ. P. The Brookses appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
On August 15, 1994, while shopping in the Winn-Dixie store, June slipped on something on the floor and twisted her left foot. In reporting the accident, June informed Tom Sheridan, the store manager, that "[she] slipped in the back and almost fell." At the time, June complained of a burning sensation in her left ankle and stated that she might have sprained the ankle, but she did not immediately seek medical attention. Sheridan accompanied June to the area and discovered a piece of fish on the floor. June testified that she later noticed a greasy spot on her shoe. She further testified that Sheridan had told her that Winn-Dixie would take care of her medical bills. Sheridan testified that he completed an accident report, but that he could not explain how the piece of fish got on the floor. Sheridan denied ever telling June or anyone else that Winn-Dixie would be responsible for her medical bills.
Approximately two days later, June notified Sheridan that she was having trouble with her foot and that she had experienced some swelling. She visited Dr. D.D. Thornbury, who determined, after taking X-rays, that she had a stress fracture. June wore a cast on her foot for approximately six weeks. Because the foot did not heal, she was referred to Dr. Leland McClusky. Dr. McClusky scheduled June for surgery in March 1995. After the operation, she was at first confined to bed and later had to use a walker and wheelchair to get around. She did not work from the date of her surgery, March 27, 1995, until May 15, 1995. She estimated that during that time she had missed approximately 417 hours of work.
The Brookses contend that the court erred in denying theirBatson challenges, because, they say, the race-neutral reasons proffered by counsel for Winn-Dixie were merely "a sham and pretext."
In Thomas v. Diversified Contractors, Inc., 551 So.2d 343
(Ala. 1989), our supreme *Page 1206 
court, in adopting the reasoning and result in Fludd v. Dykes,863 F.2d 822, reh'g denied, 873 F.2d 300 (11th Cir. 1989), held that Batson challenges are applicable in both criminal and civil cases. Generally, a Batson objection must be made before a jury is sworn; however, the fact that a jury has been sworn is not the only reason for finding a Batson challenge untimely.Stegall v. State, 628 So.2d 1006, 1008 (Ala.Crim.App. 1993).
 "As the Fifth Circuit Court of Appeals has stated: 'The [Supreme] Court in Batson envisioned that a motion to strike would be made promptly, probably before the venire was dismissed.' United States v. Erwin, 793 F.2d 656, 667 (5th Cir.[1986]). The Erwin court found the defendants' Batson motion, which was made after the jury was selected and the remainder of the venire released, but before the jury was empaneled, to be untimely. . . . It is the release of the unselected members of the venire and the problems and difficulties created thereby which truly govern the timeliness of a Batson motion."
McGruder v. State, 560 So.2d 1137, 1142 (Ala.Crim.App. 1989) (emphasis and citations omitted).
The Batson challenges were made after the unselected jurors had been dismissed, but before the selected jurors had been sworn. In response to the challenges, the court stated:
 "[T]he Batson challenge was not made at a time when the court could deal with it. I have already seated the jury. I have already let [those not chosen] go home. I can't deal with a Batson challenge and do anything to cure it, in the event that I said it was good, other than to say . . . when this jury comes in in the morning . . . 'Thank you very much, y'all go home.! And I am not going to do that. So first of all I find that the challenge is untimely."
We conclude that the court correctly denied the Brookses'Batson challenges as untimely. Any Batson challenges should have been made before the unselected members of the venire were dismissed. Because the Brookses' motion was untimely, we need not address whether Winn-Dixie's proffered explanations were race-neutral.
The Brookses also contend that the court erred in denying their motion for a directed verdict on the issue of contributory negligence. In reviewing a denial of a motion for a directed verdict, this court must determine whether the party with the burden of proof presented sufficient evidence to require a jury determination of the issue. Consolidated Stores,Inc. v. Gargis, 686 So.2d 268, 271 (Ala.Civ.App. 1996). Further, this court is governed by the "substantial evidence" rule set forth in § 12-21-12(d), Ala. Code 1975.
 " '[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' This Court must view all the evidence in a light most favorable to the nonmovant and must entertain such reasonable inferences as the jury would be free to draw from the evidence."
St. Clair Federal Savings Bank v. Rozelle, 653 So.2d 986, 987
(Ala. 1995) (quoting West v. Founders Life Assurance Co.,547 So.2d 870, 871 (Ala. 1989)).
 "If there is any conflict in the evidence for the jury to resolve, [a directed verdict motion should not] be granted. A directed verdict should be granted where there is a complete absence of proof on an issue germane to the claim or where there are no disputed questions of fact on which reasonable people could differ."
Berryhill v. Barnett, 590 So.2d 343, at 343 (Ala.Civ.App. 1991).
The record reflects disputed facts that would preclude a directed verdict on the contributory negligence defense. On the day of the accident, the seafood department manager, Franshun Reese, had set up a fish sample display near the area where the accident occurred. Reese testified that she had prepared fish samples around 5:00 p. m. to help promote fish and shrimp sales. She stated that she had been in the area where the accident occurred approximately 30 to 40 minutes and had not noticed anything on the floor. She testified that she "just happened to be looking at [June]," and she said, "She *Page 1207 
was the only one that I really paid attention to." Reese further testified that she was watching June as June walked down the aisle of the store and that she first saw the piece of fish when June "stepped" on it. She stated that when June stepped on the fish she did not twist, slip, slide, or fall in any way. There were no other witnesses to the accident. In light of the conflicting testimony, the trial court properly denied the Brookses' motion for a directed verdict.
The Brookses further contend that the court erred in its charge to the jury on the issue of contributory negligence and that the court erred in failing to give certain requested jury charges as to the law relevant in a "slip" case. The court gave the following instructions:
 "I had mentioned generally and I might ought to read this a little bit on the affirmative defense of contributory negligence.
 "As I told you, the burden is on the defendant to reasonably satisfy you as to the truthfulness of their defense of contributory negligence. Contributory negligence is simply negligence on the part of the plaintiff that proximately contributed to the injury or damage that she received.
 "Same definition of 'negligence' applies with regard to this.
 "With regard to the affirmative defense of contributory negligence, the defendant would have to prove to you that Mrs. Brooks herself failed to exercise reasonable care when she was in the Winn-Dixie store that day shopping, that being such care as a reasonably prudent person would have exercised under the same or similar circumstances. And that that failure to exercise reasonable care proximately or directly caused the injury or damage that she received.
 "And the reason the defense has that burden on that defense is, the law of Alabama says that if you could find that the plaintiff herself was contributorily negligent and that her negligence proximately caused her injuries, then that is a complete bar to any recovery to her on her claim of negligence against the Winn-Dixie store."
The trial judge further instructed the jury as to the legal duty of a "storekeeper." The instruction was consistent with, if not verbatim with, the statement of legal duty set forth inDunklin v. Winn-Dixie of Montgomery, Inc., 595 So.2d 463, 464
(Ala. 1992), quoted here (quoting Maddox v. K-Mart Corp.,565 So.2d 14, 16 (Ala. 1990)):
 " '[A] storekeeper is under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an insurer of the customer's safety, and is liable for injury only if he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The plaintiffs must prove that the injury was proximately caused by the negligence of [the storekeeper] or one of its servants or employees. Actual or constructive notice of the presence of the substance must be proven before [the storekeeper] can be held responsible for the injury. Furthermore, the plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] was delinquent in not discovering and removing the substance.' "
In a jury trial, a party is entitled to have its case tried before a jury that has been given the appropriate rules of law to use in reaching a verdict. CIT Financial Services, Inc. v.Bowler, 537 So.2d 4 (Ala. 1988). An incorrect or misleading instruction may serve as a ground for ordering a new trial.Nunn v. Whitworth, 545 So.2d 766 (Ala. 1989). Rule 51, Ala. R. Civ. P., provides, in part:
 "The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in charges given at the request of the parties. No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless that party objects thereto before *Page 1208 
the jury retires to consider its verdict, stating the matter objected to and the grounds of the objection. . . . Opportunity shall be given to make the objection out of the hearing of the jury. In charging the jury, the court shall not express its opinion of the evidence."
A judgment will not be reversed or set aside because of an erroneous jury charge or because of the trial court's refusal to give a charge, unless the trial court's action injuriously affected the substantial rights of the parties. Rule 45, Ala. R.App. P. We conclude that the instructions given substantially and fairly apprised the jury of the law regarding contributory negligence and regarding a shopkeeper's duty to its customers.
The Brookses next contend that the jury verdict is against the great weight of the evidence. In order to succeed on her claims, June had to prove more than she slipped on a foreign substance on the floor. She had to prove either that Winn-Dixie, before she slipped, had actual or constructive notice of the substance on the floor, or that Winn-Dixie was delinquent in not discovering the offending substance. Upon review of the record, we cannot say that the verdict is against the great weight of the evidence.
Finally, the Brookses contend that the court erred in denying their motion for a new trial. In support of their motion, the Brookses made the same contentions they make here.
 "The granting or denial of a motion for new trial rests largely within the discretion of the trial court, and the exercise of that discretion carries with it a presumption of correctness that will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error."
Gold Kist, Inc. v. Tedder, 580 So.2d 1321, 1322 (Ala. 1991). In light of the reasoning set forth above, we can find no abuse of discretion in the court's denial of the Brookses' motion for new trial.
AFFIRMED.
MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986). The Batson principles regarding race-neutral peremptory strikes apply also in civil cases. See Thomas v. DiversifiedContractors, Inc., 551 So.2d 343 (Ala. 1989) (discussed later in this opinion).