YATES, Judge.
The University of South Alabama d/b/a University of South Alabama Medical Center (“U.S.A. Medical Center”) appeals from a judgment in favor of Debbie L. Grubb. U.S.A. Medical Center filed a complaint in the District Court of Mobile County, alleging that Grubb had failed to pay for medical services and treatment rendered to her following an automobile accident. Grubb counterclaimed, alleging a breach of contract and lack of consent. In her counterclaim, Grubb further alleged that if the paramedics had followed her instructions and had taken her to Mobile Infirmary instead of U.S.A. Medical Center, all of her medical bills would have been paid by her insurance carrier and she would not have incurred any additional *1047 charges. Grubb also requested monetary damages for mental anguish she says she suffered as a result of this lawsuit.
U.S.A. Medical Center moved to dismiss Grubb’s counterclaim under the doctrine of sovereign immunity. The court did not rule on the motion and the case proceeded to trial. Following trial, the district court entered a $2,495.90 judgment against Grubb and in favor of U.S.A. Medical Center.
Grubb appealed to the circuit court, requested a jury trial, and amended her answer to add a claim against Mobile County as a third-party defendant, alleging that Mobile County’s emergency paramedic unit was negligent in failing to communicate Grubb’s wishes to be taken to Mobile Infirmary and not to U.S.A. Medical Center.
Mobile County moved to dismiss the cross-claim. On May 23, 1997, the case proceeded to trial; the court dismissed Mobile County as a defendant before taking any testimony. At the end of all the testimony, U.S.A. Medical Center moved for a directed verdict. The court denied the motion, and the case was submitted to the jury. The jury returned a verdict in favor of Grubb. The court denied U.S.A. Medical Center’s motion for a judgment notwithstanding the verdict. This appeal follows.
U.S.A. Medical Center contends that the court erred in denying its motion for a directed verdict.[1]
A motion for a directed verdict is a procedural device by which one party tests the sufficiency of the other party’s evidence. First Financial Ins. Co. v. Tillery, 626 So.2d 1252 (Aa.1993). Similarly, a motion for JNOV simply “permits the trial court to revisit its earlier ruling denying the motion for directed verdict.” Id, at 1255. The ultimate question as to either motion is whether the nonmovant has presented sufficient evidence to allow submission of the case or issue to the jury for a factual resolution. Id
In reviewing a denial of a directed verdict, this court must determine whether the party with the burden of proof presented sufficient evidence to require a jury determination on the issue. Consolidated Stores, Inc. v. Gargis, 686 So.2d 268, 271 (Aa.Civ.App.), cert. denied 686 So.2d 278 (Aa.1996). Further, this court is governed by the “substantial evidence” rule set forth in § 12 — 21—12(d), Aa.Code 1975.
“ ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ This Court must view all the evidence in a light most favorable to the nonmovant and must entertain such reasonable inferences as the jury would be free to draw from the evidence.”
St. Clair Federal Savings Bank v. Rozelle, 653 So.2d 986, 987 (Aa.1995) (quoting West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989)).
“If there is any conflict in the evidence for the jury to resolve, [a directed verdict motion should not] be granted. A directed verdict should be granted where there is a complete absence of proof on an issue germane to the claim or where there are no disputed questions of fact on which reasonable people could differ.”
Berryhill v. Barnett, 590 So.2d 343, at 343 (Ala.Civ.App.1991).
Grubb testified that she was conscious after the accident and that she told the paramedics to speak to her father and mother about where she was to go for medical treatment. She testified that because of her insurance carrier, her father instructed the paramedics to take her to Mobile Infirmary. Grubb further testified *1048 that she objected to being transported by helicopter to the hospital because she was afraid of flying.
Grubb remained at U.S.A. Medical Center for 10 days. She stated that she asked about her insurance coverage, but she did not request to be taken to Mobile Infirmary. Grubb further testified that when she was discharged, she continued to visit the doctor who had treated her at U.S.A. Medical Center. She admitted that she had initially made payments to U.S.A. Medical Center because she thought that she was making payments for her follow-up treatment with her doctor. Grubb stated that she began to object to the charges when she realized that the charges were for a 20% deductible that was not covered by her insurance at U.S.A. Medical Center. She also stated that she instructed her attorney to write a letter to the hospital expressing her objections about the bill.
Grubb’s father, John Cobb, testified that he told the paramedics to take his daughter to Mobile Infirmary. Cobb stated that he and his wife left the scene and were headed toward Mobile Infirmary when they were stopped by their preacher, Richard Blaine, who told them that their daughter was being taken to U.S.A. Medical Center.
Blaine testified that he had heard Cobb request that his daughter be taken to Mobile Infirmary. He stated that when he learned that Grubb was being taken to U.S.A. Medical Center, he went to inform Grubb’s parents, who were en route to Mobile Infirmary.
The paramedic in charge of the site stated that because of the nature of Grubb’s injuries, he made the decision to have Grubb taken by helicopter to U.S.A. Medical Center instead of Mobile Infirmary. He stated that because the helicopter had come from U.S.A. Medical Center, it automatically returned there when Grubb was on board. The paramedic also testified that there is no helicopter pad at Mobile Infirmary.
The dissent relies upon Boykin v. Smart Corp., 669 So.2d 939 (Ala.Civ.App.1995), to state that Grubb knowingly accepted services from U.S.A. Medical Center. However, unlike the parties in Boykin (who had paid their bill without objection), when Grubb realized that her payments were being applied to a 20% deductible that was not covered by her insurance, she instructed her attorney to write a letter to the hospital expressing her objections. Further, the testimony revealed: (1) that Grubb had told the paramedics to speak with her father and mother about where she was to go for medical treatment; (2) that Grubb’s father had told the paramedics to take his daughter to Mobile Infirmary; (3) that Grubb’s parents proceeded to Mobile Infirmary; and (4) that Grubb’s preacher testified that he had heard the father’s request.
Based on the testimony, the trial court, in its sound discretion, found genuine issues of material fact as to Grubb’s claim of lack of consent regarding the hospital at which she wished to be treated for her injuries. We conclude that the trial court correctly denied U.S.A. Medical Center’s motion for a directed verdict, because there was not a complete absence of proof as to Grubb’s claim of lack of consent or no disputed questions of fact on which reasonable people could differ. See Berryhill, supra. Additionally, we note that a jury verdict is presumed to be correct unless it is plainly and palpably wrong. Hinson v. King, 603 So.2d 1104 (Ala.Civ.App.1992). Further, in reviewing a jury verdict, this court must review the record in a light most favorable to the appellee. Continental Casualty Ins. Co. v. McDonald, 567 So.2d 1208, 1211 (Ala.1990).
After reviewing the record, we conclude that Grubb presented sufficient evidence to create a factual dispute requiring resolution by the jury. The judgment based on the jury verdict is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE, J„ concur.
CRAWLEY and THOMPSON, JJ., dissent.

. Rule 50, Ala. R. Civ. P., as amended effective October 1, 1995, renames the "motion for a directed verdict” and the “motion for a judgment notwithstanding the verdict” as a “motion for a judgment as a matter of law” and a "renewal of the motion for a judgment as a matter of law,” respectively.