CRAWLEY, Judge,
dissenting.
I must respectfully dissent from the majority’s affirmance. U.S.A. Medical Center argues that the trial court should have granted its motion for a judgment as a matter of law on its claim for payment of Grubb’s medical bills because Grubb failed to produce evidence to support her claim that she had not consented to treatment by U.S.A. Medical Center. Grubb’s argument is that she should not be required to pay her medical bills because she did not consent to be treated at U.S.A. Medical Center.
The testimony at trial tended to show that Grubb did not want to be treated by U.S.A. Medical Center; however, that desire was communicated only to ambulance personnel or paramedics on the scene of Grubb’s accident and was not communicated to any agent of U.S.A. Medical Center. Nothing in the testimony at trial indicated that Grubb, during her 10-day stay at U.S.A. Medical Center, ever expressed to an agent of U.S.A. Medical Center that she wished to be moved to another facility. She has no complaints about her treatment. In fact, she continued to make follow-up visits to the doctor who treated her.
“[T]he law implies a promise that the one who knowingly accepts services rendered by another will pay the reasonable value of the services rendered.” Boykin v. Smart Corp., 669 So.2d 939, 941 (Ala.Civ. App.1995); see also Hendrix, Mohr & Yardley, Inc. v. City of Daphne, 359 So.2d 792 (Ala.1978). Grubb knowingly accepted medical services from U.S.A. Medical Center. She never communicated to an agent of U.S.A. that she did not want those services. She should not now, after accepting those services without complaint, be allowed to escape payment.
The evidence at trial clearly failed to support Grubb’s argument that she did not consent to treatment at U.S.A. Medical Center. Therefore, U.S.A. Medical Center was entitled to a judgment as a matter of law on its claim for payment of Grubb’s medical bills. I would reverse the judgment of the trial court.
THOMPSON, J., concurs.