CRAWLEY, Judge,
dissenting.
I respectfully dissent from the holding that the trial court’s jury charge on spoliation was not error, or, if error, was harmless. I believe the charge was erroneous because there was no evidence to indicate that Baker had control over the paint bucket or that Baker had “purposefully *1147 and wrongfully” disposed of the bucket. See Alabama Power Co. v. Murray, 751 So.2d 494, 497 (Ala.1999). See also Ex parte General Motors Corp., 769 So.2d 903, 914 (Ala.1999) (rejecting a spoliation claim because there was no evidence that the plaintiff had “willfully allowed the [evidence] to be destroyed after the defendants requested access to it”).
A litigant is entitled to try his case before a jury that has been properly instructed on the applicable rules of -law. Brooks v. Winn-Dixie of Montgomery, Inc., 716 So.2d 1203 (Ala.Civ.App.1997). The absence of the paint bucket was made an issue at trial. The spoliation charge was erroneous. We cannot determine whether the jury was influenced by" the erroneous charge. If the charge might have influenced the jury (and here, there is no question that it might have), then the charge was not harmless. See Camp v. White, 510 So.2d 166 (Ala.1987).